351 A.2d 227

**COMMONWEALTH of Pennsylvania**

v.

**James HILLMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1975.

Decided Jan. 29, 1976.

542

Defender Assn. of Phila., Benjamin Lerner, Defender, John W. Packel, Chief, Appeals Div., Suzanne B. Ercole, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant James Hillman, was tried by a judge sitting without a jury and found guilty of aggravated robbery and violations of the Uniform Firearms Act. Post-trial motions were argued, and appellant's conviction for the Uniform Firearms Act violation was reversed; the aggravated robbery charge was affirmed. Appellant was then sentenced to a term of three to fifteen years in a state correctional institution. He then petitioned the Superior Court for permission to appeal, nunc pro tunc, but his petition was denied. Thereafter, appellant filed a Post Conviction Hearing Act petition which was denied;

however, appellant was granted the right to appeal *nunc pro tunc* to the Superior Court. The two appeals to the Superior Court, one being a direct appeal, *nunc pro tunc*, and the other the denial of Post Conviction Hearing Act relief, were denied. We granted appellant's petition for allowance of appeal.

Appellant argues that he was denied effective assistance of counsel at his trial and is thereby entitled to a new trial. He contends that his counsel was ineffective in failing to ask for a recess or continuance when, on cross-examination of the victim of the robbery, it was learned that the victim had identified appellant at a pretrial lineup, occurring nearly a year after the robbery. At appellant's trial the only witness who testified that appellant committed the robbery was the victim of the robbery; the manager of the store who was present during the robbery stated that appellant was not the robber. The Commonwealth's sole ground for conviction was, therefore, the identification of appellant by the victim. In attempting to discredit the victim's identification, defense counsel asked the witness when he had first seen appellant after the robbery. The witness stated that he saw appellant at a pretrial lineup conducted a year after the robbery. It was at this point that appellant contends his counsel should have asked for a recess to investigate the pretrial lineup and argues that his failure to do so was ineffective assistance of counsel.

In the facts of the instant case, we are of the opinion that appellant's ineffective assistance of counsel claim must prevail. Appellant was subjected to a pretrial lineup wherein he was represented by the Public Defender's Office of Philadelphia. At appellant's Post Conviction Hearing Act hearing on his ineffective assistance of counsel claim, it was brought out that the public defender who was at the lineup took notes during the lineup and recorded the victim-witness as saying that he was not sure if the person he identified at the lineup was the

actual robber; however, later during the lineup the witness made a positive identification of appellant. Appellant contends that had his defense counsel asked for a recess, he would have discovered the facts surrounding the lineup and would have been in a better position to attack the witness's identification of appellant as the robber.

This attack on the victim's identification was highly relevant and could have been decisive in acquitting appellant. The victim was the only person able to identify appellant as the robber and this, coupled with the store manager's testimony, stating that he was at the scene of the robbery and that appellant was not the perpetrator of the robbery, may well have raised reasonable doubt in the judge's mind, possibly resulting in acquittal of appellant. This failure of defense counsel to investigate the pretrial lineup when it was brought to his attention cannot be said to have been reasonable trial strategy or designed to further his client's interest. In *Commonwealth v. Smith*, 442 Pa. 265, 275 A.2d 98 (1971), we were presented with a situation similar to that of the instant case. In *Smith*, defense counsel was found ineffective when he failed to ask for a continuance when at trial it was learned that his client's alibi witness was not in court to testify. In the instant case, had appellant's counsel simply sought a recess and discussed the lineup with his client, he may well have been informed of the facts surrounding it and been in a position to protect his client's interests. Moreover, at his Post Conviction Hearing Act hearing, appellant's trial counsel testified that he had never asked appellant if there had been a pretrial lineup.

Judgment of sentence reversed and case remanded for a new trial.