396 A.2d 685

COMMONWEALTH of Pennsylvania

v.

Paul GASPER, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Dec. 29, 1978.

142

144

Charles P. Gelso, Wilkes-Barre, for appellant.

William J. Perrone, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellant Paul Gasper appeals to this Court from the denial of his Post Conviction Hearing Act petition by the court below.[1] The only issue presented is whether appellant's trial counsel was ineffective for failing to file a motion to suppress a statement obtained in violation of Pa.R.Crim.P. 118 (now Pa.R.Crim.P. 130) and *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).[2] We find

1. The Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180-1 *et seq.* (Supp. 1978-79).

2. Even though appellant raised this claim of ineffective assistance in a P.C.H.A. petition six years after his convictions and entry of judgment and sentence, this appeal is properly before us. Under

that trial counsel was ineffective and, accordingly, reverse the order of the lower court and remand this case for a new trial.

■ In determining whether appellant was denied the effective assistance of counsel, we must make an independent review of the record.

> [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. [Footnote omitted.]

*Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967). In applying the standards set forth in *Commonwealth ex rel. Washington v. Maroney,* we must first determine whether the claim which the attorney is charged with not pursuing had some reasonable basis. Only if the claim which was foregone was of arguable merit must we inquire into counsel's reasons for

current law, with certain exceptions, claims of ineffective assistance of counsel are properly raised on direct appeal and not by a P.C.H.A. petition. *See Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). The errors alleged herein, however, predated the *Dancer* decision and postdated *Commonwealth v. Brown* in which this court said that ineffective assistance claims were to be raised not in post trial proceedings but in post conviction petitions. 217 Pa.Super. 190, 193, n.1, 269 A.2d 383, 385–86, n.1 (1970). *See also Commonwealth v. Nero,* 250 Pa.Super. 17, 21, 378 A.2d 430, 433 (1977), and *Commonwealth v. Glasco,* 241 Pa.Super. 484, 496, 362 A.2d 420, 427 (1976). Furthermore, appellant was represented by a number of counsel from the Public Defender's Office until private counsel was appointed to represent him at his P.C.H.A. hearing. A claim of ineffective assistance cannot be waived in a proceeding where a defendant is represented by an attorney from the same office as the attorney alleged to have been ineffective. *Commonwealth v. Via,* 455 Pa. 373, 377, 316 A.2d 895, 898 (1974); *Commonwealth v. Crowther,* 241 Pa.Super. 446, 448, 361 A.2d 861, 862 (1976).

not pursuing it. *Commonwealth v. Hubbard,* 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977).

▇▇▇ Appellant's claim that counsel was ineffective for failing to suppress an oral statement he gave to police allegedly in violation of Pa.R.Crim.P. 118 and *Commonwealth v. Futch* is arguably meritorious.[3] Rule 118 provided that "When a defendant has been arrested without a warrant, he shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him (a) If the complaint charges a court case, the defendant shall be given an immediate preliminary arraignment. The failure to comply with Rule 118, however, does not *ipso facto* render inadmissible any and all evidence obtained by police during an unnecessary delay.[4] *Commonwealth v. Futch,* 447 Pa. at 393, 290 A.2d at 419. Instead, a three part test is to be applied in determining whether Rule 118 has been violated and relief is warranted. *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974). Only if (1) the delay is unnecessary, (2) prejudicial evidence is obtained, and (3) the incriminating evidence is reasonably related to the delay must the evidence be suppressed. *Id.,* 455 Pa. at 572, 319 A.2d at 420.

**3.** The Commonwealth's argument that *Commonwealth v. Futch* is inapplicable to the present case because this case preceded that decision is erroneous. The *Futch* rule is applicable to all cases arising on or after May 1, 1970, the effective date of Rule 118. *Commonwealth v. Johnson,* 459 Pa. 171, 175, 327 A.2d 618, 620 (1974); *Commonwealth v. Peters,* 453 Pa. 615, 617, 306 A.2d 901, 901 (1973). The predecessor to Rule 118 had been effective since January 1, 1965. *Commonwealth v. Joyner,* 475 Pa. 345, 349, 380 A.2d 754, 756 (1977). Appellant here was arrested on September 23, 1970, more than four months after the effective date of Rule 118.

**4.** For any case arising after May 16, 1977, if an accused is not arraigned within six hours of arrest, any statement obtained after the arrest but before the arraignment shall not be admissible at trial. *Commonwealth v. Davenport,* 471 Pa. 278, 286–88, 370 A.2d 301, 306–07 (1977). The *per se* rule of *Davenport* is not to be applied retroactively and is not applicable to the case before us.

There is no question that the evidence obtained in this case—an oral confession—was prejudicial.[5] We must still examine, however, the other two prongs of the *Williams* test.

█ Prearraignment delay has been held to be unnecessary unless it is required to administratively process the accused. *Commonwealth v. Williams*, 455 Pa. at 573, 319 A.2d at 421. Administrative processing includes fingerprinting and photographing the accused and waiting for the police officer in charge of the interrogation to arrive at the site where the accused is being held. *Commonwealth v. Williams*, 476 Pa. 344, 348, 382 A.2d 1202, 1204 (1978); *Commonwealth v. Morton*, 475 Pa. 374, 381, 380 A.2d 769, 773 (1977).

█ Appellant Gasper was arrested and transported to the Kingston Borough Building at approximately 3:00 A.M. on September 23, 1970. At his P.C.H.A. hearing, appellant testified, without contradiction, that after his arrival at the borough building he was questioned for approximately one hour and then placed in a cell at 4:00 or 4:30 A.M. N.T.P.C. H.A. 21. Appellant thereafter apparently went to sleep. Several hours later he was awakened and given coffee and a doughnut. At approximately 9:30 or 10:00 A.M., he was taken to an office and given his *Miranda* warnings by Officer Williams.[6] He then signed a waiver and stated that he did not wish to make a statement. N.T.P.C.H.A. 22–23. Questioning by Officer Williams continued, however, and appellant made the statement at issue here. Following the questioning by Officer Williams, appellant was interrogated concerning crimes unrelated to those involved in this case for one to two hours by members of the Hazleton police

5. At the P.C.H.A. hearing, appellant's trial counsel described the statement as "very damaging." N.T.P.C.H.A. 9.

6. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

department. Sometime that afternoon appellant was taken before a magistrate and arraigned.[7] N.T.P.C.H.A. 23–24.

The delay between appellant's arrest and his statement was not necessitated by administrative processing. In attempting to excuse the delay, the Commonwealth offered Officer Williams' testimony that he was the detective for the Kingston Police Department and in charge of investigating the crimes for which appellant was being detained. The delay in interrogating appellant until after Officer Williams came on duty at 8:30 A.M. was not necessary administrative delay, however, because appellant was questioned immediately after he was arrested by other officers. The earlier interrogation negates any contention that Officer Williams was the only person available to question appellant.

One other issue to be addressed in determining whether the delay was unnecessary is whether appellant was intoxicated when he was apprehended and, therefore, unable to be questioned. Had appellant been voluntarily intoxicated at the time of his arrest, we might agree that a delay before interrogation was necessary. *Commonwealth v. Bradwell,* 231 Pa.Super. 35, 40, 326 A.2d 887, 889 (1974). We do not find that to be the case, here. The only reference at the P.C.H.A. hearing to appellant's drinking was his statement that he had been drinking the night before his apprehension. N.T.P.C.H.A. 30. There was no evidence offered that appellant had been drinking to the point of intoxication or that he was so drunk that he could not answer questions propounded to him.[8] In fact, such circumstances would seem to be

7. The exact time of appellant's arraignment is not of record. The crucial time period in a case such as this, however, is that between appellant's arrest and his statement. *Commonwealth v. Palmer,* 463 Pa. 26, 30, n.4, 342 A.2d 387, 389, n.4 (1975). It is sufficient for our purposes that appellant's statement, rendered at least seven hours after his arrest, was secured before his arraignment.

8. At appellant's trial, Officer Williams testified that appellant had told him he was drunk when he was brought into the borough building. N.T. 51. Two other Commonwealth witnesses, a policeman and a security guard who apprehended appellant, testified that there was no odor of alcohol on appellant's breath nor was he intoxicated at the time of his arrest. N.T. 24, 37–38.

negated by the fact that appellant was interrogated for approximately an hour after his arrest.

The Commonwealth has provided no acceptable justification for the delay between appellant's arrest and the statement he provided to Officer Williams. The delay, therefore, was unnecessary. *See Commonwealth v. Morton*, 475 Pa. at 381, 380 A.2d at 773; *Commonwealth v. Eaddy*, 472 Pa. 409, 413, 372 A.2d 759, 761 (1977).

Finally, we find that the giving of the incriminating statement was reasonably related to the unnecessary delay. Appellant was questioned by the police for approximately one hour after his arrest, yet he gave them no statement. Approximately six hours later he was given his *Miranda* warnings and questioned once more. Although he expressed a desire to remain silent, questioning continued and he eventually made the statement which was presented at trial. Appellant's initial silence and his later expressed desire to remain silent coupled with the officer's continued questioning leads us to the conclusion that it could well have been the time delay which caused appellant to give his statement to Officer Williams.[9] *See Commonwealth v. Johnson*, 459 Pa. 171, 327 A.2d 618 (1974).

Having determined that appellant's claim meets the three pronged test of *Commonwealth v. Williams* and, therefore, is arguably meritorious, we must now determine whether trial counsel's decision not to move to suppress the statement had some reasonable basis. We hold that it did not.

At appellant's P.C.H.A. hearing, trial counsel testified that he became aware of the incriminating statement only when Officer Williams testified to the statement at appel-

---

**9.** In deciding that appellant's Rule 118 claim was arguably meritorious, we express no opinion concerning whether the claim is actually meritorious or whether the statement would have been suppressed had the appropriate motion been made. In reviewing cases raising the claim of ineffective assistance of counsel, appellate courts review other issues only in relation to the ineffectiveness issue and do not reach the merits of the other issues raised. *Commonwealth v. Hubbard*, 472 Pa. at 278–79, 372 A.2d at 696.

lant's trial. When Williams began to testify about the statement, counsel expressed his surprise to the court. At that point, the court afforded counsel the opportunity to move to suppress the statement, which opportunity counsel declined. N.T. 45. At the P.C.H.A. hearing counsel explained his decision by saying that since the jury had already been made aware of appellant's statement to Officer Williams he thought it better to cross-examine Officer Williams rather than move to suppress. N.T.P.C.H.A. 8–9. While counsel's surprise was understandable and while his cross examination of Williams was vigorous, neither of these reasons presents a reasonable basis for not moving to suppress the statement.

Rule 118 and the *McNabb-Mallory* rule prohibiting the use of any evidence obtained during an unnecessary delay between arrest and arraignment had been law for some time prior to appellant's trial. *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).[10] Despite the state of the law in 1970, when counsel was made aware of appellant's inculpatory statement [11] he declined the opportunity to move to suppress it without even conferring with appellant concerning the circumstances surrounding his arrest and questioning. No amount of cross examination, however vigorous, could cure the time delay between appellant's arrest and arraignment which resulted in the inculpatory statement. Given this fact and the state of the law at the time of appellant's trial, we find that counsel's failure to

**10.** Counsel testified at the P.C.H.A. hearing that he could not recall if, at the time of trial, he remembered the *McNabb-Mallory* rule. N.T.P.C.H.A. 11.

**11.** Because counsel's alleged ineffectiveness arose at trial after he was made aware of the statement, his prior lack of knowledge is not relevant to our determination here. Counsel's lack of knowledge concerning the statement is attributable to a number of factors, among them appellant's representation by a number of counsel none of whom apparently asked him about a possible statement, his belief that he did not give a statement to the police but merely "talked to them," and Officer Williams's failure to tell counsel about the statement when specifically asked as to what he would testify at trial.

move to suppress the statement did not have a reasonable basis designed to effectuate his client's interests. *Cf. Commonwealth v. Hillman*, 465 Pa. 541, 351 A.2d 227 (1976) (counsel ineffective for failing to ask for a recess at trial to discuss with client a pretrial lineup brought up for the first time at trial) and *Commonwealth v. Smith*, 442 Pa. 265, 275 A.2d 98 (1971) (counsel ineffective for failing to move for a continuance to secure the attendance of an alibi witness whose identity he learned immediately before trial began). A new trial is warranted.

Order reversed, judgment of sentence vacated, and case remanded for a new trial.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.