537 A.2d 370

**COMMONWEALTH of Pennsylvania**

v.

**William WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 28, 1987.

Filed Feb. 12, 1988.

Nancy L. Butts, Williamsport, for appellant.

Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

In this direct appeal, appellant raises a single claim, that is, whether trial counsel was ineffective for failing to file post-verdict motions on his behalf. Had counsel done so, appellant argues, two trial issues would now be ripe for appellate review. They are: (1) whether the Commonwealth used its peremptory challenges at jury selection in a racially motivated manner, and (2) whether trial counsel was ineffective for failing to attempt to impeach the victim's credibility as to her character and prior mental health history. For the reasons set forth herein, we are compelled to remand this case for a hearing on appellant's allegations.

Appellant was convicted of rape, robbery, simple assault, and indecent assault on October 23, 1986. Appellant alleges that he requested trial counsel to file post-verdict motions but the record shows that none were timely filed.

On December 17, 1986, new counsel for appellant filed Post Verdict Motions Nunc Pro Tunc without first requesting leave of court to file the motions out of time. By order of February 4, 1987, the court denied the post-verdict motions because they were filed out of time[1] and imposed sentence. Counsel then filed a Motion to Reconsider Sentence which the court granted and, on March 5, 1987, the court imposed an amended sentence. In this direct appeal, appellant requests this court to remand the case with instructions for the filing and disposition of post trial motions *nunc pro tunc.*

■ The standard for reviewing a claim of ineffectiveness of trial counsel has been well stated:

When confronted with a claim of ineffectiveness assistance of counsel, a reviewing court must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit and, if so, it must be determined whether the course chosen by counsel had some reasonable basis designed to serve the interests of his client. *Commonwealth v. Stoyko,* 504 Pa. 455, 475 A.2d 714 (1984). There is a presumption in law that counsel is effective. *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981). The standard governing ineffectiveness

---

1. The lower court's order denying appellant's post verdict motions reads as follows:

AND NOW, this 3rd day of February, 1987, the defendant's post verdict motions are hereby DENIED because they were not timely filed in accordance with Pa.R.Crim.P., Rule 1123(a). The defendant can raise trial error claims in post-verdict motions filed later than ten days after finding of guilt by obtaining a court order granting the right to file post-verdict motions nunc pro tunc, but such an order must itself be obtained by way of a Post Conviction Hearing Act proceeding. *Commonwealth v. Gaito,* 277 Pa.Super. 404, 419 A.2d 1208 (1980).

To the extent that this order cites *Commonwealth v. Gaito* for the proposition that appellant may only obtain the right to file post trial motions *nunc pro tunc* by way of a Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.,* proceeding, it is wrong. The Act clearly provides, "However, nothing in this subchapter limits the availability of remedies in the trial court or on direct appeal." 42 Pa.C.S.A. § 9542. An appellant may request leave to file post trial motions *nunc pro tunc* by way of direct appeal. *Accord: Commonwealth v. Gasper,* 262 Pa.Super. 141, 396 A.2d 685 (1978).

claims was set forth by this Court in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967):

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that the trial counsel's decision had any reasonable basis.

*Id.*, 427 Pa. at 604, 235 A.2d at 352–53.

*Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986) (citations omitted) (emphasis in original). Finally, the petitioner must show how he was prejudiced by counsel's ineffectiveness. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).[2]

To determine whether trial counsel was ineffective, we must first look to the merits of the underlying claims of error. Appellant correctly cites a recent United States Supreme Court decision, *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), for the proposition that the prosecution's use of peremptory challenges is subject to equal protection scrutiny and that to challenge potential jurors solely on the basis of race is forbidden.

In *Batson*, the United States Supreme Court enunciated a new test in this area. The defendant first must show that he is a member of a cognizable racial group and the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. The defendant is entitled to rely on the fact that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate."

---

**2.** We note that appellant is represented on appeal by counsel other than trial counsel. Therefore, his claims of ineffectiveness are not waived for failure to initially raise them in a timely fashion. *See Commonwealth v. Nelson*, 489 Pa. 491, 414 A.2d 998 (1980).

Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the venirepersons on account of their race.

> *Batson* still requires a prima facie case but has enlarged a defendant's rights. The requirements for establishing a prima facie case of intentional racial discrimination are: 1) that the defendant is a member of a cognizable racial group and that the prosecution used peremptory challenges to remove from the venire members of the defendant's race; 2) that the defendant can rely on the presumption that peremptory challenges to veniremen permit discrimination by those inclined to do so; and 3) that the facts and relevant circumstances raise the inference that the prosecutor used the peremptory challenges to racially discriminate. *Batson, Id.*, 106 S.Ct. at 1723. Once these three requirements are satisfied, the burden shifts to the prosecution to explain adequately the racial exclusion. *Id.*, at 1721.

*Commonwealth v. McCormick*, 359 Pa.Super. 461, 468–69, 519 A.2d 442, 446 (1986).

■ In this case the record reflects that appellant is of the black race; he was tried by an all white jury. The fact that all of the black venirepersons reached on *voir dire* were peremptorily stricken by the Commonwealth raises an inference that the peremptory challenges were used to discriminate. Appellant has thus satisfied the first two elements of a *prima facie* case. However, whether appellant has hurdled the third step required to establish a *prima facie* case is an open question of fact and law.

The Commonwealth argues and the record shows that the prosecution advanced allegedly neutral reasons for the exercise of its peremptory challenges. The Commonwealth's stated reasons for the challenges were: (1) that the two black venirepersons were personally acquainted with the defendant; (2) each of the black venirepersons had close relatives who had criminal records or arrests; and, (3) a belief that, because of the small size of the local black

community, the potential black jurors would be subject to undue pressure from members of that community.

The question, then, is what scope of review this court should apply to a *Batson* claim couched in terms of ineffectiveness of counsel. The Commonwealth urges us to make an independent review of the record. Appellant urges that we remand his case for the filing of post trial motions *nunc pro tunc* and for an initial determination by the trial court as to the nature of the Commonwealth's peremptory challenges.

Because a final determination in this case requires a mixed determination of fact and law, we conclude that a review should be initially made by the court which presided over the *voir dire* proceedings.[3] As the Pennsylvania Supreme Court commented in *Commonwealth v. Bachert*, 499 Pa. 398, 453 A.2d 931 (1982):

> The role of the trial judge during voir dire is as arbiter of a mixed question of fact and law, and that the canvassing of prospective jurors for the possibility of a hardened opinion in derogation of the constitutional imperative of trial by "impartial, 'indifferent' jurors," *Irvin v. Dowd*, [366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751, 755 (1961) ], is to be performed before the trial judge is not an empty requirement. The opportunity to observe the demeanor of the prospective juror and the tenor of the [counsel's questions and the] juror's answers is indispensable to the judge in determining whether a fair trial can be had in the community. Claims of impartiality by prospective jurors are subject to scrutiny for credibility and reliability as is any testimony and the judgment of the trial court is necessarily accorded great weight. As stated in *United States v. Wood:*

**3.** In this case, we do not have an explanation from the trial court on this issue because of procedural irregularities below. The first is that, while trial counsel noted his *Batson* objection for the record following the close of jury selection, the court made no ruling on the objection. Secondly, the court filed no Pa.R.A.P., Rule 1925 opinion as it had determined that no issues were properly preserved for appeal.

Impartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and procedure is not chained to any ancient and artificial formula. *Id.* 299 U.S. 123, 145–146, 57 S.Ct. 177, 185, 81 L.Ed. 78, 87 (1936) reaffirmed in *Irvin v. Dowd, supra* 366 U.S. at 725–726, 81 S.Ct. 1639 at 1644, 6 L.Ed.2d at 757.

Accordingly, this combined factual and legal determination, addressed to the sound discretion of the trial court, will not be disturbed on appeal in the absence of an abuse of discretion. *Commonwealth v. Scott,* 469 Pa. 258, 365 A.2d 140 (1976); *Commonwealth v. Martinolich,* 456 Pa. 136, 318 A.2d 680 (1974) appeal dismissed, 419 U.S. 1065, 95 S.Ct. 651, 42 L.Ed.2d 661 (1974).

499 Pa. at 409–10, 453 A.2d at 936–37. While the *Bachert* court was responding to a claim of prejudice caused by pretrial publicity, the rationale can also be applied to a claim of racial prejudice on the part of the prosecutor.

■ A question of intent to discriminate should not be made by an appellate court from a cold record. Rather, the court supervising the *voir dire* should make an initial decision based on the totality of the circumstances, giving counsel for both parties a chance to argue the point on the record. Our conclusion is supported by *Batson* wherein the United States Supreme Court ordered that case remanded for the trial court to determine (1) whether the facts established a prima facie case of discrimination and, if so, (2) whether the prosecutor could come forward with a neutral explanation for his or her action. *Accord: Commonwealth v. McKendrick,* 356 Pa.Super. 64, 76–77, 514 A.2d 144 (1986) (In reviewing a *Batson* claim on appeal, the Superior Court referred to reasoning contained in trial court opinion.).

It is clear that this claim is of arguable merit and there can be no tactical reason for trial counsel's failure to preserve this issue for appeal. Therefore, this case must be remanded for the filing of post trial motions *nunc pro*

*tunc.* The trial court shall conduct an evidentiary hearing on appellant's claims of ineffectiveness of trial counsel and make findings of fact and conclusions of law as necessary.[4] Jurisdiction of this court is relinquished.[5]

---

**4.** *Accord: Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977) (If a finding of ineffectiveness of post trial counsel is made in regard to failure to preserve a claim for review, the appropriate remedy is to remand the case for filing of post trial motions *nunc pro tunc.*)

**5.** Because of our disposition of this case on the *Batson* issue, we will not address appellant's second claim of prejudice. That issue must also be addressed by the trial court in a post trial review.