364 A.2d 418

**COMMONWEALTH of Pennsylvania**

v.

**Joseph A. RILEY, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

John J. Thomas, Asst. Public Defender, for appellant.

Patrick J. Toole, Jr., Dist. Atty., Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

On May 29, 1974, appellant pled guilty to charges of kidnapping and rape; charges of felonious assault, simple assault, involuntary deviate sexual intercourse, and indecent assault were *nolle prossed*. He was sentenced on June 19, 1974 to a term of imprisonment of seven and one-half to fifteen years. There was no direct appeal from the judgment of sentence. On May 8, 1975, appellant filed a petition under the Post Conviction Hearing Act [1] asserting numerous grounds for relief, only one of which he continues to claim in this appeal from the order of the court below dismissing the PCHA petition without relief. We affirm the order of the court below.

██ Appellant submits that the decision in *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975) [2] entitles him to an evidentiary hearing to establish the degree of his intoxication at the time of the crime. *Commonwealth v. Graves*, supra, does not control this case. Appellant pled guilty on May 29, 1974, and section 308 of the new Crimes Code, 18 Pa.C.S. § 308 (1973), *as amended* Act of April 7, 1976, P.L. ——, No. 32, § 1, 18 Pa.C.S. § 308, effective June 6, 1973, was applicable. Therefore, appellant's alleged intoxication defense was

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1976–77).

2. The decision in *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975) was nullified through recent legislation. *See* Act of April 7, 1976, P.L. ——, No. 32, § 1, 18 Pa.C.S. § 308, *amending* 18 Pa.C.S. § 308 (1973).

available to him pursuant to 18 Pa.C.S. § 308 (1973), and his failure to raise the defense constitutes a waiver. In fact, in *Commonwealth v. Graves,* supra, our Supreme Court noted that the decision was in accord with section 308: "The New Crimes Code is consistent with this view [intoxication may be offered for the purpose of negating the presence of specific intent for any offense] and has expressly repudiated the Tarver doctrine: 'Intoxication or drugged condition are not, as such, defenses to a criminal charge; but in any prosecution *for any offense,* evidence of intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to negative an element of the offense.' (Emphasis added). 18 Pa.C.S. § 308, added by Act of December 6, 1972 (P.L. ——, No. 334) § 1." *Commonwealth v. Graves,* 461 Pa. 118, 127 n. 8, 334 A.2d 661, 665 n. 8 (1975).[3]

Moreover, the appellant entered pleas of guilty to the charges of kidnapping and rape. The only issues to be considered on review following a guilty plea are the validity of the plea, the lawfulness of the sentence, and the competence of counsel. *Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1974). Appellant raises none of these issues on appeal.

Order affirmed.

**3.** To the extent the appellant argues that the decision in *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975) should be applied retroactively this contention is controlled by the reasoning that forms the basis for our decision in *Commonwealth v. Boyer,* 237 Pa.Super. 341, 352 A.2d 431 (1975) (state evidentiary law, *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974), denied retroactive application). Employing the criteria articulated in *Boyer,* we conclude that the retroactive application of *Graves* is not required and that *Graves* should not be applied to any case where the conviction was final before the date of that decision.