380 A.2d 754

**COMMONWEALTH of Pennsylvania**

v.

**Robert JOYNER, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued April 24, 1974.

Decided Dec. 1, 1977.

Joseph Michael Smith, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., James T. Ranney, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Robert Joyner, was tried by a judge and jury and was convicted of murder of the first degree, assault and battery, aggravated assault and battery, assault and battery with intent to murder, possession of explosives, carrying a concealed deadly weapon, unlawfully carrying a firearm without a license, and conspiracy. Post-verdict motions were denied and appellant was sentenced to life imprisonment for the murder conviction. Appellant was also sentenced to prison terms of three and one-half to seven years (assault and battery, aggravated assault and battery, and assault and battery with intent to murder), five to ten years (possession of explosives), one and one-half to three years

(weapons offenses) and one to two years (conspiracy). All of the sentences were concurrent, except the possession of explosives sentence, which was to run consecutively to the sentence imposed on the murder conviction. This direct appeal followed.[1]

Appellant's convictions result from the shooting death of Philadelphia Park Police Sergeant Francis Von Colln and wounding of Park Patrolman James Harrington during an "attack" on the Cobbs Creek Guardhouse of Fairmont Park. In this appeal, he raises various issues, but finding none to be of merit, we affirm.

■  Appellant first argues that the evidence was insufficient to sustain his convictions. We do not agree, as the evidence presented at trial showed that appellant, his brother, Alvin Joyner, Richard Thomas, Frederick Burton, Hugh Williams, and Russell Shoats participated in the planning and carrying out of the attack which resulted in the death of Sergeant Van Colln and the serious wounding of Officer Harrington.

Appellant raises three issues concerning the admissibility of statements given by him to the police. The facts surrounding the statements are as follows. Appellant was arrested at 1:40 p. m., on August 30, 1970, the day after the incident. He was taken to the Police Administration Building and was placed in an interrogation room. At 2:50 p. m., appellant was given his full *Miranda* warnings, which he waived. He originally denied any complicity in the incident, but by 5:20 p. m., he began to make an inculpatory statement. Because the detectives had been on duty for over twenty-four hours, a stenographer was called in, who typed appellant's statement as he gave it. An eight-page "informal" statement was completed by 7:45 p. m. Following a polygraph examination, appellant gave a "formal" statement. One of the detectives read back appellant's informal statement and appellant made a few minor changes in the

1.  Judgment of sentence in the murder conviction was appealed to this court, while the remaining judgments of sentence were appealed to the Superior Court, which certified those appeals to this court.

wording.[2] Appellant was arraigned at 2:00 p. m., on August 31, some twenty-four hours after his arrest.

██ Appellant first claims that the statement must be suppressed because of an unnecessary delay between arrest and arraignment. We need not, however, reach the merits of this claim. While the confessions in the instant case were obtained prior to our decision in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), we have held that the rule espoused in *Futch* is applicable to all confessions obtained after January 1, 1965, the effective date of Pennsylvania Rule of Criminal Procedure 118 (Now Rule 130). *Commonwealth v. Mitchell,* 464 Pa. 117, 346 A.2d 48 (1975). We further held in *Mitchell* that to preserve a *Futch* claim, a defendant had to raise the issue of unnecessary delay between arrest and arraignment. No such claim was raised at the suppression hearing in the instant case and the issue had not been preserved for appellate review. See *Commonwealth v. Mitchell, supra.*

██ Appellant next claims that the confession must be suppressed because he did not waive his *Miranda* rights. We do not agree, as the suppression court specifically found that appellant waived his *Miranda* rights. When reviewing the findings of a suppression court, we must view all of the Commonwealth's evidence and so much of the appellant's evidence as remains uncontradicted. *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1976). Our review of the evidence shows that appellant was given the required *Miranda* warnings, which he waived, thus supporting the suppression court's finding.[3]

2. At trial, the Commonwealth introduced only the eight-page informal statement. Appellant, however, introduced the subsequent formal confession into evidence. While appellant challenges the admissibility of both statements, we need concern ourselves only with the first confession that was introduced by the Commonwealth.

3. Appellant claims that he did not waive his right to the assistance of counsel before giving the formal statement. Because appellant, and not the Commonwealth, introduced that statement, we need not consider this point. See Footnote 2, *supra.*

■ Appellant next argues that his statement was the product of impermissible psychological coercion, thus making the statements involuntary. We do not agree.

In *Commonwealth v. Kichline, supra,* 468 Pa. at 279, 361 A.2d at 289, we stated:

"Although there is no single litmus-paper test for determining the voluntariness of a confession, it must be established that the decision to speak was a product of a free and unconstrained choice of its maker. [Citations omitted]. All attending circumstances surrounding the confession must be considered in this determination. These include: the duration and methods of the interrogation; the length of delay between arrest and arraignment; the conditions of detainment; the attitudes of the police toward defendant; defendant's physical and psychological state; and all other conditions present which may serve to drain one's power of resistance to suggestion or to undermine one's self-determination. [Citations omitted]."

Our review of the record convinces us that the trial court was correct in its determination that the confession was voluntary.

Appellant confessed within four hours of his arrest. During this time, he was questioned less than three hours. The evidence showed that appellant was not mistreated by police. Further, he appeared normal and alert during the interrogation period.

Appellant claims that *Commonwealth v. Eiland,* 450 Pa. 566, 301 A.2d 651 (1973), requires a reversal in the instant case. We believe, however, that the facts in *Eiland* are inapposite. In that case, the defendant was questioned for seventeen hours and only confessed after the police promised leniency if he confessed. No such factors are present in the instant case and we believe the statement was voluntarily given.

■ Appellant finally argues that the court below erred in refusing his requested charge on voluntary manslaughter. As the trial in the instant case predated our decision in

*Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974), we believe the trial court did not err in refusing the requested instruction. See *Commonwealth v. Cain,* 471 Pa. 140, 369 A.2d 1234 (1977) (Opinion in Support of Affirmance, Part IV by Mr. Justice (now Chief Justice) Eagen, joined by former Chief Justice Jones and Mr. Justice Pomeroy).

Judgments of sentence affirmed.

JONES, former C. J., did not participate in the consideration or decision of this case.

MANDERINO, J., did not participate in the consideration or decision of this case.

O'BRIEN, J., files a dissenting opinion in which ROBERTS, J., joins.

O'BRIEN, Justice, dissenting.

As appellant's case was on direct appeal at the time of the decision in *United States ex rel. Matthews v. Johnson,* 503 F.2d 339 (3d Cir. 1974), cert. denied, 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975), I believe appellant is entitled to a new trial because of the trial court's failure to give the requested charge on voluntary manslaughter. See Part II of Mr. Justice Roberts' opinion announcing the judgment of the Court in *Commonwealth v. Hilliard,* 471 Pa. 318, 370 A.2d 322 (1977).

ROBERTS, J., joins in this dissenting opinion.