391 A.2d 989

**Robert P. STEDING, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Submitted May 15, 1978.

Decided Oct. 5, 1978.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for the Com.

Bruce A. Carsia, Pittsburgh, for petitioner.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM.

█ Petitioner, Robert Steding, was charged with possession of a controlled substance (marijuana and cocaine), possession with intent to deliver and criminal conspiracy. Prior to trial the court granted a motion to suppress an inculpatory statement of the defendant and the drugs which the police had seized on the ground that these items of evidence were tainted by an illegal arrest. The arrest was held illegal on the ground that at the time the police took Steding into custody they had no probable cause to arrest. On appeal by the Commonwealth,[1] the Superior Court reversed and this petition for allowance of appeal followed. We grant the petition, and will reverse.

The record discloses that petitioner was observed by police in a baggage claim area at the Greater Pittsburgh Airport and that he was behaving in what was described as a nervous manner. After Steding had taken possession of two pieces of luggage, the police stopped him from leaving the baggage claim area. They then observed a green, plastic garbage bag protruding from one of the suitcases. Upon inquiry as to petitioner's name, the police found that it differed from that appearing on the suitcases. Steding was then taken by the police to a nearby police office, and there they detected the smell of marijuana about the luggage. At this point, Steding was formally placed under arrest, warned of his constitutional rights (which he waived) and searched. The body search produced keys to the luggage, and a search of the luggage in turn produced a large quantity of marijuana and some cocaine.

█ The suppression court was of the opinion that an arrest occurred when petitioner was prevented from leaving the baggage claim area and held that at that time the police

---

1. Because the prosecution of the case was seriously handicapped by the ruling of the suppression court, that order is appealable by the Commonwealth. See *Commonwealth v. McDade,* 462 Pa. 414, 341 A.2d 450 (1975); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963).

lacked probable cause to arrest. See *Commonwealth v. Murray,* 460 Pa. 53, 331 A.2d 414 (1975); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963). We believe that this conclusion was factually supported by the record and was legally sound. Accordingly, the order of the suppression court should have been affirmed.[2] *Commonwealth v. Joyner,* 475 Pa. 345, 380 A.2d 754 (1977); *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1976).

Defendant's petition for allocatur is granted,[3] the order of the Superior Court at No. 888 April Term, 1976 is vacated, the order of the court of common pleas entered June 7, 1976, at No. CC7601428 A excluding from evidence at trial certain tangible items and a statement of the petitioner is hereby reinstated, and the case is remanded to the court of common pleas with a *procedendo.*

**2.** The Superior Court disagreed that the original confrontation in the baggage claim area was a custodial arrest; instead, the court characterized it as a *Terry* stop. See *Commonwealth v. Pollard,* 450 Pa. 138, 299 A.2d 233 (1973). We note, however, that at that time the police acted solely on petitioner's "nervous" appearance. This Court has previously held that an "unusual look" without other cognizable factors indicating that some criminal activity may be afoot is insufficient to justify such a stop. See *Commonwealth v. Boyer,* 455 Pa. 283, 314 A.2d 317 (1974).

**3.** See the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 204, 17 P.S. § 211.204.