417 A.2d 685

**COMMONWEALTH of Pennsylvania**

v.

**Robert EDWARDS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 1979.

Filed Dec. 21, 1979.

352

Robert W. O'Donnell, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

In this appeal from the lower court's denial of appellant's petition for post-conviction relief, appellant contends that numerous instances of ineffectiveness of counsel warrant our granting him a new trial.[1] We disagree and, accordingly, affirm the order of the lower court denying appellant's petition for post-conviction relief.

* Chief Justice Michael J. EAGEN of the Supreme Court of Pennsylvania, and Judge Warren K. HESS of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

1. Appellant advances also as a ground for post-conviction relief certain allegedly prejudicial remarks made by the trial judge during his charge to the jury. Appellant failed to raise this issue in post-verdict motions and, accordingly, did not preserve it for review on direct appeal. *Commonwealth v. Blair*, 460 Pa. 31, 33 n. 1, 331 A.2d 213, 214 n.1 (1975). Furthermore, appellant has made no attempt to rebut the presumption that his failure to raise the issue was knowing and understanding. 19 P.S. § 1180–4(c). Accordingly, we find that the issue is waived, 19 P.S. § 1180–4(b), and that appellant is not entitled to relief thereon. 19 P.S. § 1180–3(d).

In February, 1973, Joseph Truxon was shot and killed during the course of a robbery of a gas station in Philadelphia. In December, 1973, after a jury trial, appellant was convicted of murder of the first degree [2] and aggravated robbery in connection with this incident. He was sentenced to life imprisonment on the murder charge and a concurrent term of ten to twenty years imprisonment on the robbery charge. After denial of post-trial motions, appellant took a direct appeal to our Supreme Court, in which he was represented by new counsel (hereinafter "appellate counsel"). That Court affirmed the judgment of sentence in a per curiam order. *Commonwealth v. Edwards*, 463 Pa. 129, 344 A.2d 460 (1975).

In March, 1977, appellant instituted the proceedings for post-conviction relief which are the subject of this appeal.[3] Appellant was represented by yet another attorney in these proceedings. Although appellant's PCHA petition advanced several grounds for relief, the lower court granted an evidentiary hearing only on appellant's claim of ineffective assistance of counsel.[4] Both appellant and his trial counsel testified at the hearing, which was held in September and October of 1977. On February 1, 1978, the lower court issued its order denying appellant's petition for post-conviction relief. This appeal, in which appellant is represented by a fourth attorney, followed.

**2.** At the time of appellant's trial, felony murder constituted murder of the first degree. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2502(a). Subsequently, the Legislature amended § 2502 and reclassified felony murder as murder of the second degree. Act of March 26, 1974, P.L. 213, No. 46, § 4; Act of April 28, 1978, P.L. 84, No. 39, § 1, 18 Pa.C.S.A. § 2502(b).

**3.** The proceedings were instituted pursuant to the Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180-1 *et seq.* (Supp. 1979–80) (hereinafter "PCHA").

**4.** The other grounds for relief asserted in the PCHA petition were the allegedly prejudicial remarks made by the trial judge during the charge to the jury and the involuntariness of appellant's confession. As stated above, the issue of the propriety of the trial judge's remarks is waived. *See* note 1 *supra.* The question of the voluntariness of appellant's confession is not in issue on this appeal.

 Appellant's PCHA petition raised numerous instances of alleged ineffectiveness of his trial counsel.[5] Those claims of ineffectiveness which the lower court expressly considered can be summarized as follows: (1) Counsel advised and persuaded appellant to refuse all plea bargains; (2) counsel failed to call appellant to testify in his own behalf; and (3) counsel failed to consult sufficiently with appellant before the trial. In considering these claims, the lower court correctly noted that "counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). *See also Commonwealth v. Hubbard*, 485 Pa. 353, 402 A.2d 999 (1979). Applying that standard to the above-mentioned claims, the lower court found that trial counsel's course had had a reasonable basis and, accordingly, rejected appellant's claims of ineffectiveness with respect thereto.

In *Commonwealth v. Lee*, 478 Pa. 70, 385 A.2d 1317 (1978), our Supreme Court stated:

"The findings of the PCHA court, which hears the evidence and passes on the credibility of the witnesses, should be given great deference. See *Commonwealth v. Smith*, 454 Pa. 256, 312 A.2d 396 (1973); *Commonwealth v. Minnick*, 432 Pa. 462, 247 A.2d 569 (1968). Consequently, this Court will not disturb its findings if they are supported in the PCHA record. See *Commonwealth v. Hauser*, 450 Pa. 388, 299 A.2d 218 (1973); *Commonwealth v. Tabb*, 433 Pa. 204, 249 A.2d 546 (1968); *Commonwealth v.*

5. Appellant alleges also that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal. Accordingly, we may properly consider the merits of appellant's claim of trial counsel ineffectiveness because appellant has raised the issue of ineffectiveness "at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hubbard*, 472 Pa. 259, 277 n.6, 372 A.2d 687, 695 n.6 (1977). We note additionally, however, that because we disagree with appellant's contentions with respect to trial counsel's effectiveness, we necessarily hold that appellate counsel was not ineffective for failing to raise the issue on direct appeal.

*Minnick,* supra. This is true even when the record could support a contrary holding. See *Commonwealth v. Hauser,* supra."

*Id.,* 478 Pa. at 75, 385 A.2d at 1320 (quoting *Commonwealth v. Sullivan,* 472 Pa. 129, 145, 371 A.2d 468, 476 (1977)).

■ In the instant case, the findings of the lower court on the above-mentioned claims of ineffectiveness are amply supported in the PCHA record. Trial counsel testified at the evidentiary hearing that he had advised appellant to accept a plea bargain offered by the district attorney, but that appellant had adamantly refused to do so. Trial counsel further stated that he had advised appellant not to testify at trial because the story that he intended to tell was inculpatory. Finally, trial counsel refuted appellant's charges of insufficient consultation by recounting numerous occasions on which he met with appellant. In his opinion in support of the order denying post-conviction relief, the PCHA judge stated that he found trial counsel's testimony to be wholly credible. Accepting the findings of the lower court, *Commonwealth v. Lee, supra,* we conclude that trial counsel was not ineffective on the above-mentioned grounds.

■ Appellant advanced several other instances of alleged ineffectiveness which the lower court did not consider, despite the fact that appellant raised them in his PCHA petition and addressed them at the evidentiary hearing on the petition.[6] These claims of ineffectiveness can be summarized as follows: (1) Counsel failed to call as a witness a court-appointed investigator who would have provided information helpful to appellant's defense; (2) counsel failed to

6. There were several additional instances of ineffectiveness raised by appellant in his petition which he did not pursue at the evidentiary hearing. These claims of ineffectiveness were based on counsel's failure to interview the Commonwealth's witnesses and to contest the admissibility of appellant's confession on all possible grounds. Because appellant introduced no evidence in support of these claims, we hold that appellant has failed to meet his burden of proof with respect to them. *Commonwealth v. Logan,* 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth v. Sweitzer,* 261 Pa.Super. 183, 395 A.2d 1376 (1978).

call as witnesses appellant's co-defendants,[7] who would have testified favorably to appellant; and (3) counsel failed to introduce evidence that appellant was under the influence of drugs at the time the crimes in question were committed. (Appellant contends that such evidence would have been relevant to negate the mental element of first-degree murder and to challenge the voluntariness of his confession.) Because these claims of ineffectiveness were properly presented in appellant's petition and fully explored at the evidentiary hearing, we may consider them on their merits. *Commonwealth v. Ramsey,* 259 Pa.Super. 240, 245-48, 393 A.2d 806, 809-10 (1978).

■ Mindful of the "reasonable basis" standard of *Washington, supra,* we examine first appellant's claim that trial counsel was ineffective for failing to call a court-appointed investigator who would have provided information helpful to appellant's defense. At the evidentiary hearing trial counsel refuted appellant's assertion that the trial court had appointed an investigator who had unearthed valuable information. Trial counsel stated that he had hired at his own expense the only investigator who had worked on appellant's case. He stated further that the investigator had provided only photographs of the crime scene and would not have been helpful as a witness. As noted above the PCHA judge expressly resolved all questions of credibility in favor of trial counsel and against appellant. Accordingly, we conclude that counsel's decision not to call the investigator as a witness had a reasonable basis, and, therefore, trial counsel cannot be deemed ineffective in this regard.

■ Appellant contends next that trial counsel was ineffective for failing to investigate and call as witnesses appellant's co-defendants, who appellant claims would have testified favorably to him. In *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976), our Supreme Court held that the appellant's trial counsel had been ineffective for concluding without adequate investigation that prospective witnesses

7. Appellant's co-defendants pleaded guilty to charges arising out of the robbery-shooting in separate proceedings after appellant's trial.

would not have been helpful to the appellant. Trial counsel in that case reached his conclusion on the basis of a conversation with the appellant and the testimony of a witness at the preliminary hearing. This is not such a case. At the evidentiary hearing trial counsel stated that he had read statements given by the co-defendants which did not support appellant's belief that they would exculpate him. Additionally, trial counsel stated that he had conferred with the co-defendants' attorneys, who had advised him that the co-defendants would not testify favorably to appellant. Thus, trial counsel had ample reason to believe that interviews with the co-defendants would have been fruitless and, accordingly, was not ineffective in this regard.

Appellant advances as another instance of ineffectiveness trial counsel's failure to present evidence that appellant was under the influence of drugs at the time the crimes in question were committed. Appellant contends that evidence that he was under the influence of drugs would have been relevant to show that he was incapable of forming the requisite intent for first-degree murder. We disagree. The charge of first-degree murder lodged against appellant was based on the fact that the victim's death occurred during the commission of a robbery.[8] At the time this case was tried, evidence of intoxication[9] was relevant only to show that a defendant charged with first-degree murder could not have formed the specific intent to kill; such evidence could not have been used to negate the mental state necessary for robbery. *Commonwealth v. Tarver*, 446 Pa. 233, 284 A.2d 759 (1971). Before the decision of our Supreme Court in *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975), evidence of intoxication was deemed irrele-

8. *See* note 2 *supra.*

9. For purposes of this discussion, "it is immaterial whether the intoxication results from the voluntary use of liquor or drugs, see *Commonwealth v. Tarver*, 446 Pa. 233 n.4, 284 A.2d 759 n.4 (1971)." *Commonwealth v. Fostar*, 455 Pa. 216, 225 n.3, 317 A.2d 188 n.3 (1974).

vant in cases of felony murder.[10] *Commonwealth v. Fostar*, 455 Pa. 216, 317 A.2d 188 (1974); *Commonwealth v. Tarver*, *supra. See also Commonwealth v. Jones*, 452 Pa. 569, 308 A.2d 598 (1973). Accordingly, it would have been fruitless for trial counsel to introduce evidence that appellant was under the influence of drugs for the purpose of negating intent, and we therefore hold that counsel cannot be deemed ineffective for failing to do so.

■ Appellant contends finally that trial counsel should have introduced evidence of appellant's drug intoxication to cast doubt on the voluntariness of his confession. At the evidentiary hearing trial counsel explained that although he had considered using appellant's involvement with drugs as a means of attacking the voluntariness of the confession, he had decided that introduction of such evidence would do appellant more harm than good. He stated that appellant's "story would not help him in the eyes of a jury because basically that story included a story of heroin addiction, his inability to get methadone and his intent at the very time of the crime to get money with which he could purchase heroin." Assuming, *arguendo*, that a claim of involuntariness due to drug intoxication would have been of "arguable merit," *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687 (1977), we conclude that counsel's failure to pursue it had a reasonable basis and, accordingly, did not constitute ineffectiveness.

Finding no instances of ineffective assistance of trial counsel, we hold that the lower court was correct in denying appellant's petition for post-conviction relief.

Order affirmed.

**10.** In *Graves*, the Supreme Court changed the rule in *Tarver* to allow evidence of intoxication to negate the intent element in crimes other than murder. In *Commonwealth v. Riley*, 242 Pa.Super. 566, 364 A.2d 418 (1976), however, we held that the rule of *Graves* did not apply retroactively. *Id.*, 242 Pa.Super. at 568 n.3, 364 A.2d at 419 n.3. *See also Commonwealth v. Betrand*, 484 Pa. 511, 399 A.2d 682 (1979) (plurality opinion).