418 A.2d 335

**COMMONWEALTH of Pennsylvania**

v.

**Irving JEFFERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 1979.

Filed Dec. 21, 1979.

Arnold L. New, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Appellant contends (1) that the lower court erred in dismissing his petition under the Post Conviction Hearing Act (PCHA)[1] without holding an evidentiary hearing; and (2) that post–conviction counsel was ineffective because he

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, and Judge WARREN K. HESS of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*; 19 P.S. § 1180–1 *et seq.* (Supp.1979–80).

did not participate in the filing of the PCHA petition. We disagree and, accordingly, affirm the order of the lower court.

On February 28, 1970, following a jury trial, appellant was convicted of murder in the first degree, aggravated robbery, and carrying a concealed deadly weapon. The trial court denied appellant's post–trial motions and sentenced him to life imprisonment on the murder conviction and imprisonment for five to twenty years on the robbery conviction. Sentence was not imposed on the conviction for carrying a concealed deadly weapon. Appellant filed a direct appeal to our Supreme Court, which affirmed the judgments of sentence. *Commonwealth v. Jefferson*, 445 Pa. 1, 281 A.2d 852 (1971). Subsequently, appellant filed a habeas corpus petition in the United States District Court for the Eastern District of Pennsylvania, which was denied. On April 20, 1976, appellant filed a PCHA petition seeking relief on the following grounds: (1) the introduction of a coerced confession into evidence; (2) the introduction into evidence of a statement obtained in the absence of counsel at a time when representation was constitutionally required; (3) the infringement of appellant's privilege against self-incrimination; (4) the denial of appellant's right to representation by competent counsel; and (5) the abridgement of a right guaranteed by the constitution or laws of Pennsylvania or the United States, including a right that was not recognized at the time of trial. The PCHA petition stated that appellant was able to pay the costs of the PCHA proceedings and that he was represented by counsel, who was named in the petition. The lower court dismissed appellant's petition without a hearing. This appeal followed.

■ Appellant first contends that the lower court erred in dismissing his PCHA petition for lack of particularity. Section 7 of the PCHA, 19 P.S. § 1180–7 (Supp.1979–80), provides in part: "No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition." Appellant's contention is without merit because the lower court did not dismiss the peti-

tion for lack of particularity.[2] Therefore, section 7 of the PCHA does not apply.

■ Appellant also contends that because he filed his petition *pro se*, the lower court should have contacted the attorney mentioned in the petition to determine if he, in fact, represented appellant. If the attorney indicated that he represented appellant, then, according to appellant, the lower court should have allowed appellant's attorney to amend the petition. If counsel indicated that he did not represent appellant, then, appellant argues, the lower court should have appointed counsel and ordered an amended petition. Pa.R.Crim.P. 1503(a) provides that, with an exception not applicable here, "when an unrepresented [PCHA] petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him." *See Commonwealth v. King,* 253 Pa.Super. 224, 384 A.2d 1314 (1978). In the absence of a request by appellant to appoint counsel and a showing that he was indigent, the lower court was not obligated to appoint counsel. Moreover, there is no requirement that the PCHA court determine whether counsel listed in a PCHA petition actually represents the petitioner.

We must now determine whether the lower court properly dismissed appellant's PCHA petition without an evidentiary hearing. Section 9 of the PCHA, 19 P.S. § 1180–9 (Supp. 1979–80), provides: "If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding. . . ." In *Commonwealth v. Strader,* 262 Pa.Super. 166, 396 A.2d 697

---

**2.** Although the lower court failed to discuss in its opinion all of the issues raised in appellant's petition, the court did not state that it dismissed the petition for lack of particularity.

(1978), this Court stated: "When a lower court denies a P.C.H.A. petition without a hearing, we will affirm the court's order if upon an examination of the record we also can determine that the claims raised in the petition are patently frivolous. We will remand for an evidentiary hearing on the petition only when it is impossible to tell from the record whether appellant's petition was frivolous and without support." *Id.*, 262 Pa.Super. at 170, 396 A.2d at 700.

Appellant stated in his PCHA petition that on October 7, 1968, the Philadelphia police obtained an inculpatory statement from him in violation of his right to a prompt preliminary arraignment. Although appellant did not advance facts in support of this allegation, the record reveals the following: On September 27, 1968, appellant was arrested by the Philadelphia police and charged with aggravated robbery in connection with the stabbing of William James Calhoun. The victim died on October 4, 1968. At 1:45 p. m. on October 7, 1968, appellant was served with an arrest warrant charging him with murder. The police immediately took appellant to the police administration building, arriving at 2:50 p. m. Appellant was advised of his *Miranda* rights at 3:00 p. m. At 3:10 p. m., appellant was given coffee and cigarettes. Detective Lawrence Grace testified at the trial that he was the only police officer with appellant from 3:00–6:55 p. m. The detective stated that appellant gave an oral inculpatory statement at 3:15 p. m. At 4:10 p. m., appellant had a meal. Appellant rested from 4:30–5:40 p. m. and from 5:55–6:35 p. m. Appellant spoke with his mother on the telephone in between the rest periods. Appellant had a snack between 6:35 and 6:55 p. m. At 6:55 p. m., Detective Grace was joined by another officer, and they obtained a typewritten confession, signed by appellant and which was introduced at trial. Detective Grace testified that the delay between the oral and typewritten statements resulted from the unavailability of police personnel to type the statement. The record does not reveal the time of appellant's preliminary arraignment.

■ To be eligible for relief under the PCHA, the petitioner must prove, *inter alia*, "[t]hat the error resulting in his

conviction and sentence has not been finally litigated or waived." PCHA, § 3(d), 19 P.S. § 1180–3(d) (Supp.1979–80). An issue is waived if:

"(1) The petitioner knowingly and intelligently failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

*Id.* § 4(b), 19 P.S. § 1180–4(b) (Supp.1979–80). "Ineffective assistance has been held to be an 'extraordinary circumstance' justifying a party's failure to raise an issue on direct appeal and allowing that person ·to proceed by way of a P.C.H.A. petition." *Commonwealth v. Strader, supra,* 262 Pa.Super. at 171 n.3, 396 A.2d at 700 n.3.

 Because appellant did not previously raise the issue of delay between arrest and preliminary arraignment, we must consider whether appellant is entitled to an evidentiary hearing on the ground that this claim is not "patently frivolous." " 'Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.' " *Commonwealth v. Hubbard,* 485 Pa. 353, 356, 402 A.2d 999, 1001 (1979) (quoting *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967)) (emphasis in original). In determining whether counsel was constitutionally ineffective, "we examine counsel's stewardship under the standards as they existed at the time of his actions, and counsel will not be deemed ineffective for failing to predict future developments in the law." *Commonwealth v. Triplett,* 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977) (citations omitted). Although *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972) (construing Pa.R.Crim.P. 118 (now Pa.R.Crim.P. 130) to prohibit the use at trial of evidence obtained during an

unnecessary delay between arrest and preliminary arraignment), was decided after the police in the instant case obtained appellant's confession, "the rule espoused in *Futch* is applicable to all confessions obtained after January 1, 1965, the effective date of [Pa.R.Crim.P. 118]." [3] *Commonwealth v. Joyner*, 475 Pa. 345, 349, 380 A.2d 754, 756 (1977). *See also Commonwealth v. Gasper*, 262 Pa.Super. 141, 396 A.2d 685 (1978). Evidence obtained during a prearraignment delay will be suppressed under *Futch* only if (1) the delay is unnecessary; (2) the evidence is prejudicial; and (3) the evidence is reasonably related to the delay. *Commonwealth v. Davenport*, 471 Pa. 278, 284, 370 A.2d 301, 304 (1977). [4] In applying the third prong of this test, "[i]t is not required that the unnecessary delay be the sole cause of appellant's admission; it is enough that the unnecessary delay bear some relationship to the evidence obtained." *Id.*, 471 Pa. at 285–86, 370 A.2d at 305. "In determining whether a delay produced or contributed to the securing of evidence, a court must focus on one time period: the delay between the arrest and the first utterance of confession." *Commonwealth v. Washington*, 259 Pa.Super. 407, 411, 393 A.2d 891, 893 (1978). "Any delay in arraigning appellant after his confession cannot contribute to the obtaining of the confession." *Id.*

In *Commonwealth v. Williams*, 476 Pa. 344, 348, 382 A.2d 1202, 1204 (1978), the appellant gave an inculpatory state-

**3.** Pa.R.Crim.P. 130 and former Rule 118 apply to arrests without a warrant. Pa.R.Crim.P. 122 and former Rule 116, which was in effect at the time of appellant's confession, applies to arrests with a warrant. The *Futch* rule has been applied to cases decided under Rule 116. *See, e. g., Commonwealth v. Dreuitt*, 457 Pa. 345, 321 A.2d 614 (1974).

**4.** In *Commonwealth v. Davenport, supra,* our Supreme Court announced the rule that "[i]f the accused is not arraigned within six hours of arrest, any statement obtained after arrest but before arraignment shall not be admissible at trial." 471 Pa. at 286, 370 A.2d at 306. The effective date of the Davenport rule is May 16, 1977. *Id.*, 471 Pa. at 288, 370 A.2d at 306. Moreover, counsel cannot be deemed ineffective for not foreseeing that our Supreme Court would adopt the Davenport rule. *Commonwealth v. Triplett, supra*, 476 Pa. at 89, 381 A.2d at 880.

ment 6½ hours after his arrest. During a 4½ hour period, the police questioned appellant for 2 hours and 55 minutes in 4 separate interviews, beginning at 10:30 p. m. The Supreme Court held that, under these circumstances, the confession was not reasonably related to the delay between the arrest and confession.

In the instant case, appellant's confession was undoubtedly prejudicial. We cannot determine whether the delay between appellant's arrest and preliminary arraignment was unnecessary because the record does not indicate the time of appellant's arraignment. However, the delay between appellant's confession and arraignment is irrelevant in applying the third prong of the test discussed above. *Commonwealth v. Washington, supra.* Assuming *arguendo* that the delay between appellant's arrest and preliminary arraignment was unnecessary, we conclude that appellant's confession was not reasonably related to the delay. Appellant gave an oral inculpatory statement 25 minutes after arriving at the police administration building. Even though appellant's typewritten confession, which was admitted at trial, was not obtained until a few hours later, there is no indication in the circumstances of this case that the delay was a factor in obtaining the confession. We therefore conclude that appellant's claim that his confession was obtained in violation of his right to a prompt preliminary arraignment is patently frivolous, and thus he was not entitled to an evidentiary hearing on this claim. PCHA, § 9, 19 P.S. § 1180–9 (Supp.1979–80).

Appellant further alleged in his PCHA petition that his confession was obtained involuntarily. If the Pennsylvania Supreme Court has ruled on the merits of an issue, that issue is considered "finally litigated," PCHA, § 4(a)(3), 19 P.S. § 1180–4(a)(3) (Supp.1979–80), and is not a basis for relief under the PCHA. *Id.* § 3(d), 19 P.S. § 1180–3(d) (Supp.1979–80). Appellant is not entitled to relief on the basis that his confession was involuntary because that issue was "finally litigated" on direct appeal. *See Commonwealth v. Jefferson, supra,* 445 Pa. at 4–6, 281 A.2d at 854–855.

Therefore, appellant was not entitled to an evidentiary hearing on this claim because it is patently frivolous.

Appellant also alleged in his PCHA petition that although evidence was introduced at trial showing that he was intoxicated at the time of the incident, the trial court did not instruct the jury that the presence of intoxication could negate the element of intent required for the charged crimes. The trial court did instruct the jury that evidence of appellant's intoxication could reduce the murder verdict from murder in the first degree to murder in the second degree. This instruction was in accordance with Pennsylvania law at the time of appellant's trial. *See Commonwealth v. Tarver*, 446 Pa. 233, 239, 284 A.2d 759, 762 (1971). It was not until 1975 that our Supreme Court, in *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975), held that evidence of intoxication may negate the presence of specific intent in cases other than felonious homicide. Thus, appellant could not be entitled to a new trial on the ground that the jury must be instructed that evidence of intoxication could negate the intent required for the robbery offense unless *Graves* must be given retrospective effect pursuant to section 3(c)(12) of the PCHA.[5] This Court has held that *Graves* need not be given retrospective application. *Commonwealth v. Riley*, 242 Pa.Super. 566, 568 n.3, 364 A.2d 418, 419 n.3 (1976).[6] Thus, because appellant's claim concerning the in-

---

5. 19 P.S. § 1180–3(c)(12) (Supp.1979–80). Section 3(c)(12) provides that one of the grounds for relief under the PCHA is "[t]he abridgement . . . of any right guaranteed by the constitution or laws of this State or the constitution or laws of the United States, including a right that was not recognized as existing at the time of the trial if the constitution requires retrospective application of that right . . ." An issue is not waived under § 4 of the PCHA if it involves a constitutional right which is given retrospective effect. *Commonwealth v. Lynch*, 477 Pa. 390, 396 n.4, 383 A.2d 1263, 1266 n.4 (1978).

6. In *Commonwealth v. Betrand*, 484 Pa. 511, 399 A.2d 682 (1979), 3 Justices rejected the appellant's contention that because *Graves* must be given retrospective effect, he was entitled to relief under § 3(c)(12). Justice ROBERTS filed a concurring opinion, joined by Justice NIX, because he believed that it was unnecessary under the facts of the case to decide this issue. The plurality in *Betrand* reasoned that only if the right recognized in *Graves* was of constitu-

toxication instruction relates to a right which did not exist at the time of appellant's trial, appellant was not entitled to an evidentiary hearing. *See Commonwealth v. Walker*, 460 Pa. 658, 661–62, 334 A.2d 282, 283 (1975).[7]

Appellant also contends that if he was represented by counsel when he filed his PCHA petition, then post-conviction counsel should be deemed ineffective for not participating in the preparation of the petition. We cannot discern from the record whether or not post-conviction counsel prepared the petition. However, there is no prohibition against filing a PCHA petition *pro se*. The PCHA petition and record in this case contain sufficient facts to permit us to decide whether the claims raised in the petition are "patently frivolous" so as to justify the lower court's dismissal of the petition without an evidentiary hearing. Assuming *arguendo* that appellant was represented by counsel when he filed his PCHA petition and that counsel did not participate in preparing the petition, post-conviction counsel cannot be deemed ineffective on the basis that the claims stated in the petition lack merit. Accordingly, we hold that the lower court was correct in dismissing appellant's PCHA petition without an evidentiary hearing.

Order affirmed.

tional dimension would it be cognizable under § 3(c)(12). Because it concluded that the decision in *Graves* was based on evidentiary grounds, the plurality did not find it necessary to consider whether *Graves* must be given retrospective application.

7. Because "counsel will not be deemed ineffective for failing to predict future developments in the law," *Commonwealth v. Triplett, supra*, 476 Pa. at 89–90, 381 A.2d at 880–881, trial counsel was not ineffective for failing to foresee that our Supreme Court would change the law regarding evidence of intoxication.