J-S21024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                                       :
         v.                              :
                                       :
                                       :
ROBERT EDWARDS                  :
                                       :
          Appellant           :     No. 1365 EDA 2018

Appeal from the PCRA Order April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0305612-1973

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                     **FILED MAY 14, 2019**

Robert Edwards (Appellant) appeals *pro se* from the dismissal of his sixth petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On November 28, 1973, a jury convicted Appellant of first-degree murder and aggravated robbery.[1]  On May 2, 1974, Appellant was sentenced to a term of life imprisonment.  The Supreme Court of Pennsylvania affirmed his judgment of sentence on October 3, 1975.  ***See Commonwealth v.***

---

[1] At the time of Appellant's conviction, felony murder was classified as murder of the first degree.  Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2502(a).  The legislature subsequently amended 18 Pa.C.S.A. § 2502 and reclassified felony murder as murder of the second degree.  ***See*** Act of March 26, 1974, P.L. 213, No. 46, § 4; Act of April 28, 1978, P.L. 84, No. 39, § 1, 18 Pa.C.S.A. § 2502(b).

***Edwards***, 344 A.2d 460 (Pa. Super. 1975) (*per curiam*). Appellant did not petition the United States Supreme Court for certiorari.

On March 15, 1977, Appellant filed *pro se* his first petition seeking post-conviction relief under the precursor to the PCRA, the Post Conviction Hearing Act (PCHA).[2] Following the appointment of counsel, the filing of an amended petition, and an evidentiary hearing, the PCHA court dismissed the petition. Appellant appealed; the dismissal of his first petition was affirmed on appeal. ***See Commonwealth v. Edwards***, 417 A.2d 685 (Pa. Super. 1979) (unpublished memorandum).

On October 30, 1980, Appellant filed a second petition under the PCHA; the PCHA court dismissed the petition, and that dismissal was also affirmed on appeal.[3] ***See Commonwealth v. Edwards***, 469 A.2d 295 (Pa. Super. 1983) (unpublished memorandum).

---

[2] Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180-1 *et seq*. (Supp. 1979-80). The PCHA was repealed in part, modified in part, and replaced by the PCRA, effective April 13, 1988. ***See*** Act of Apr. 13, 1988, P.L. 336, No. 47, § 4.

[3] The Commonwealth of Pennsylvania notes in its brief that Appellant was paroled on February 21, 1988, and that the decision of the Pennsylvania Board of Probation and Parole was meant to "give effect" to a commutation. ***See*** Commonwealth Brief at 4; Appendix. The Commonwealth correctly notes that this issue is relevant to Appellant's eligibility for PCRA relief. ***Id.*** (citing 42 Pa.C.S.A. § 9543(a)(1)(i)). While the parole decision was not included in the record certified on appeal to this Court, Appellant's address of record indicates that he is no longer incarcerated, and his sentence of life imprisonment indicates that he remains under supervision. The Prisons and Parole Code provides that the Parole Board may exercise its discretion to grant parole "only after[ ] the expiration of the minimum term of imprisonment fixed by the court

On January 25, 2001, Appellant filed a third petition seeking post-conviction relief.[4]  Appointed counsel filed a **Turner/Finley**[5] letter and accompanying motion to withdraw as counsel.  The PCRA court granted counsel's motion and dismissed the petition.  The dismissal was affirmed on appeal.  **Commonwealth v. Edwards**, 850 A.2d 6 (Pa. Super. 2004) (unpublished memorandum).

On June 4, 2004, Appellant filed a fourth petition seeking post-conviction relief.  The PCRA court dismissed the petition as untimely; this Court affirmed the dismissal on appeal.  **See Commonwealth v. Edwards**, 927 A.2d 650 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 932 A.2d 1286 (Pa. 2007).

---

in its sentence or by the Board of Pardons in a sentence which has been reduced by commutation."  61 Pa.C.S.A. § 6137(3).  Notwithstanding, the Parole Board may not release on parole any inmate "condemned to death or serving life imprisonment." 61 Pa.C.S.A. § 6137(a)(1).

[4] The PCRA provides that a defendant whose conviction becomes final prior to the effective date of the current version of the PCRA has one year after the effective date to timely file a first PCRA petition. **See**, **e.g.**, **Commonwealth v. Alcorn**, 703 A.2d 1054, 1056–57 (Pa. Super. 1997) (holding that where a petitioner's judgment of sentence became final on or before the effective date of the January 16, 1996 amendment to the PCRA, a first PCRA petition could be filed by January 16, 1997, even if the conviction in question became final more than a year prior to the date of the filing).  Appellant's petition was neither his first, nor was it filed within one year of the date the amendment took effect.

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (1988) (*en banc*).

On May 15, 2012, Appellant filed a fifth petition seeking post-conviction relief. The PCRA court dismissed the petition as untimely; this Court affirmed the dismissal on appeal. **See Commonwealth v. Edwards**, 97 A.3d 806 (Pa. Super. 2014) (unpublished memorandum).

On May 12, 2016, Appellant filed a sixth petition, which he characterized as a petition for writ of *habeas corpus*. In the petition, he argued that he was convicted of first-degree murder but lacked the specific intent to commit the killing. **See** Petition for Writ of *Habeas Corpus*, 5/12/16, at 1-2. Appellant did not acknowledge the fact that since his conviction, the degrees of murder were reclassified, or that he had been convicted under a theory of felony murder, now codified as second-degree murder. **Id.** Appellant also argued that his sentence violated due process, and that he was actually innocent of the crime for which he had been convicted. **Id.** at 1-8.

On September 26, 2017, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition was untimely and would be dismissed without a hearing. Appellant *pro se* filed three responses to the court's Rule 907 notice, arguing that the PCRA court erred in treating his petition as a PCRA and not a petition for a writ of *habeas corpus*. **See** Petitioner's Response to the Court Notice to Dismiss, 10/14/17, at 1-3. On April 27, 2018, the court formally dismissed Appellant's petition as untimely, and Appellant timely filed this appeal.

Appellant presents a single issue for our review:

Whether habeas corpus reaches Appellant, an alleged accomplice/conspirator sentenced to [l]ife [i]mprisonment and since a lesser degree of guilt necessarily denotes a lesser sentence as a challenge to the legality of his sentence restraining liberties; a change in law that constitutes a violation of the Due Process Clause of the Fourteenth Amendment requires proof of specific intent to kill for [first-]degree murder under [18 Pa.C.S.A. § 2502(a)-(b)], did the lower court abuse[] its discretion when it transferred Appellant's case from civil court to the criminal division and deem[ed] this challenge a filing under the Post-Conviction Relief Act (PCRA)[?]

Appellant's Brief at 3 (answer omitted).

Initially, we observe that Appellant's mislabeled *habeas* petition must be considered under the PCRA. The PCRA expressly states that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542. As this Court has explained:

Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available.

***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (internal citations omitted). A petitioner cannot escape the timeliness requirements of the PCRA by mislabeling his petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013); ***Commonwealth v. Mercado***, 826 A.2d 897, 899 (Pa. Super. 2003), *appeal denied*, 832 A.2d 436 (Pa. 2003) (stating petition for habeas corpus relief must first satisfy jurisdictional PCRA timeliness requirements).

Here, Appellant's underlying substantive claims concern the legality of his sentence, alleged constitutional violations, and his actual innocence, which are claims that are cognizable under the PCRA. *See Commonwealth v. Abu-Jamal*, 833 A.2d 719, 738 (Pa. 2003) (noting that although the PCRA does not use the term "actual innocence," it specifically provides for an action by which persons convicted of crimes they did not commit may obtain collateral relief); *see also Commonwealth v. Voss*, 838 A.2d 795 (Pa. Super. 2003); *see also* 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief."). Accordingly, the court properly treated Appellant's petition for a writ of *habeas corpus* as a request for relief under the PCRA.

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Williams*, 196 A.3d 1021, 1026-27 (Pa. 2018) (quoting *Commonwealth v. Washington*, 927 A.2d 586, 593 (Pa. 2007)). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013).

Instantly, we must first address the timeliness of Appellant's petition. Because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address a petition's merits, a petitioner

seeking post-conviction relief must file a petition within one year of the petitioner's judgment of sentence becoming final. ***See, e.g., Commonwealth v. Smith,*** 194 A.3d 126, 132 (Pa. Super. 2018); ***see also*** 42 Pa.C.S.A. § 9545(b)(1). Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." ***Commonwealth v. McKeever***, 947 A.2d 782, 784-85 (Pa. Super. 2008). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." ***Id.*** at 785.

Appellant's petition is patently untimely. The Pennsylvania Supreme Court affirmed Appellant's judgment of sentence on October 3, 1975. Under the then-effective U.S. Sup. Ct. R. 22,[6] Appellant had 30 days to petition for certiorari. ***See Wilkins v. United States***, 99 S. Ct. 1829 (1979). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's judgment of

_____

[6] U.S. Sup. Ct. R. 22 was effective July 1, 1954, through June 30, 1980; it was replaced by U.S. Sup. Ct. R. 13, allowing ninety days for such a petition.

sentence became final on November 3, 1975, and he had until November 3, 1976, to meet the PCRA's time restrictions.[7]  The underlying petition was not filed until May 12, 2016, almost 40 years later.

It is well-settled that a court does not have jurisdiction to entertain a petition filed after the one year time-bar unless the petitioner pleads and proves one of the time-bar exceptions. The exceptions include:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this Section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented.  However, effective December 2017, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and

---

[7] **See** 1 Pa.C.S.A. § 1908 (noting that the computation of time excludes the first and last day of a period, and that when the last day of a period falls on a Saturday, Sunday, or legal holiday, that day may be omitted from computation).  In the instant case, the last day of the period fell on Sunday, November 2, 1975.

now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Although we recognize the change in the law from 60 days to one year, the change does not impact Appellant, who filed his petition on May 12, 2016.

Appellant contends that he is actually innocent of first-degree murder; that he is serving an illegal sentence; and that his sentence is the result of constitutional error. **See** Appellant's Brief at 6. Appellant argues that he was convicted as an accomplice to felony murder at a time when the conviction carried a mandatory life sentence, but incorrectly asserts that under the new law, "an accomplice sentence [for felony murder] should be no more than twenty years."[8] **Id.** at 10. Appellant raises several convoluted constitutional arguments that essentially assail the legality of his sentence, including that his mandatory life sentence for felony murder was unconstitutional because he did not have the specific intent to kill. **Id.** at 10-17. Additionally, he attempts generally to invoke the time-bar exceptions and argue that "the

_____

[8] Murder of the second degree carries a mandatory life sentence, even when a defendant is convicted under a theory of accomplice liability. **See Commonwealth v. Lewis**, 718 A.2d 1262, 1264-65 (Pa. Super. 1998); **see also** 18 Pa.C.S.A. § 2502(b) (providing that a criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony); 18 Pa.C.S.A. § 1102(b) (providing that a person who has been convicted of murder of the second degree shall be sentenced to a term of life imprisonment).

actual innocence standards for sentences . . . are so unconstitutionally vague as to its application to over-come the statutory time bar." *Id.* at 12.

Appellant addresses the time bar exceptions for the first time in his brief on appeal; accordingly, because he did not raise the exceptions in his petition before the PCRA court, he has waived these arguments before this Court. *See Commonwealth v. Lauro*, 819 A.2d 100, 103–04 (Pa. Super. 2003); Pa.R.A.P. 302(a) (issues not raised in the lower court are waived on appeal). Nor do Appellant's other arguments merit relief. As noted above, the PCRA provides the sole means of relief for petitioners seeking to challenge the legality of their sentences on collateral review, and for those seeking relief from sentences for crimes they did not commit. Such challenges must be raised in a timely petition or qualify for one of the statutory exceptions. *See Abu-Jamal*, 833 A.2d at 738; *Voss*, 838 A.2d at 799-800; 42 Pa.C.S.A. § 9542. Appellant's challenges have not been raised or preserved in a timely fashion.

For the above reasons, Appellant has failed to plead and prove an exception to the PCRA's time-bar, and is not entitled to relief. Because the PCRA court did not abuse its discretion, we affirm the order dismissing Appellant's petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/14/19</u>