369 A.2d 412

COMMONWEALTH of Pennsylvania

v.

Richard G. YOUNG, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Nov. 22, 1976.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Michael H. Ranck, Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On March 21, 1975, appellant entered guilty pleas to nine counts of Burglary, six counts of Theft by Unlawful Taking or Disposition and four counts of Criminal Conspiracy. He was sentenced to pay a fine of $100 and to undergo imprisonment for not less than 1½ nor more than 3 years on one count of Burglary, and to concurrent two year probationary sentences on all other charges. No direct appeal was taken from these sentences.

In July of 1975, appellant filed a Post Conviction Hearing Act [1] petition raising the following issues: introduction of a coerced confession into evidence, introduction into evidence of a statement obtained in the ab-

1. Act of January 25, 1966, P.L. (1965) 1580, § 1, (19 P.S. § 1180–1 (Supp.1976–77) ) *et seq.*

sence of counsel at a time when representation is constitutionally required, infringement of the privilege against self-incrimination, denial of the right to representation by competent counsel, unlawful inducement of a guilty plea and obstruction by state officials of his right to appeal. In this petition, appellant also requested that a lawyer be appointed to represent him. Pursuant to this request, counsel was appointed in an order dated July 31, 1975. In October, 1975, appellant filed a second PCHA petition, with the only additional allegation being the abridgement of a right guaranteed by the constitution or laws of this state or by the constitution or laws of the United States. The lower court dismissed both of appellant's petitions, refusing to grant a hearing. It is from this disposition that the instant appeal is taken.

Most of the claims made by appellant in his petitions are "without a trace of support either in the record or from other evidence submitted by the petitioner." Act of January 25, 1966, P.L. (1965) 1580, § 9 (19 P.S. § 1180-9). Two of appellant's arguments, however, alleged facts which, if proved would entitle him to relief. First, appellant asserts the ineffectiveness of his trial counsel in that he misled appellant into believing that, if he pleaded guilty, he would be sentenced to no more than a county jail sentence or time already served. Appellant's second allegation, closely intertwined with the first, is that his guilty plea was unlawfully induced. He argues that the plea was based on his assumption of a sentencing agreement, and thus was not knowing and intelligent. If the sentencing judge, during the plea colloquy, had asked appellant the questions suggested by our Supreme Court in *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971), both of appellant's contentions could have been obviated. The court stated:

" 'By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a

plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. *The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea.'* ABA Project on Minimum Standards for Criminal Justice, Pleas of Guilty § 1.5 (Approved Draft 1968)." *Id.* at 520, 276 A.2d at 528. (emphasis added)

A defendant who denies, at sentencing, the existence of any sentencing agreement or other promises influencing his plea will not be heard, on appeal, to assert such agreements or promises as a basis for a claim of ineffective assistance or an unlawfully induced plea. *See Commonwealth v. Brown,* 242 Pa.Super. 240, 363 A.2d 1249 (1976).

■ The plea colloquy in the instant case, however, contains only two references to sentencing.

"Mr. Eckman (District Attorney): . . . there is no recommended plea in this one." [N.T. 2]

"The Court: Are you aware that the Court is not bound by the—there isn't any—

Mr. Eckman: No recommended plea." [N.T. 5]

No reply was elicited from the defendant in either of these instances, and he was never asked whether his plea was based on a sentencing agreement or other promises. This issue must be clarified at appellant's post-conviction hearing.

■ There is an additional consideration which mandates a post-conviction hearing in this case. Our Supreme Court has stated that "in this jurisdiction a first post-conviction hearing petition should not be dismissed where the petitioner is indigent and has requested coun-

sel, without affording him representation in that proceeding, *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); (further citations omitted)." *Commonwealth v. Fiero*, 462 Pa. 409, 412, 341 A.2d 448, 449 (1975). The court further held that "[c]learly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Id.* at 413, 341 A.2d at 450. The record before us indicates that appellant filed two PCHA petitions, both *pro se*. It does not appear that counsel, appointed by the lower court's order of July 31, 1975, took any action whatsoever. Appellant's *pro se* petitions were not amended, there was no oral argument before the petitions were dismissed and counsel did not file a supporting brief. Under virtually identical circumstances, the court in *Fiero* found that "[t]hese facts compel the conclusion that the proceeding was in fact uncounselled." *Id.* at 413, 341 A.2d at 450.

The order of the lower court dismissing appellant's Post Conviction Hearing Act petition without a hearing is reversed, and a hearing is to be conducted in accordance with this opinion.