369 A.2d 1163

COMMONWEALTH of Pennsylvania

v.

Charles Randolph PATTERSON, Appellant.

COMMONWEALTH of Pennsylvania

v.

James Lewis PATTERSON, Appellant.

Supreme Court of Pennsylvania.

Submitted May 5, 1975.

Decided Feb. 28, 1977.

J. Richard Oare, Jr., Harrisburg, for appellant.

Marion E. MacIntyre, Deputy Dist. Atty., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX JJ.

OPINION

PER CURIAM:

Appellants, Charles Randolph Patterson and James Lewis Patterson, are brothers who pleaded guilty to murder on January 6, 1973. Following a degree of guilt hearing, appellants were found guilty of murder in the second degree and each was sentenced to serve ten to twenty years in prison. No post-verdict motions were filed and no appeal was taken.

On April 26, 1974, appellants filed separate but identical petitions under the Post Conviction Hearing Act. Both petitions, after alleging that appellants were without financial resources and were unable to employ an attorney, requested that an attorney be appointed to represent them. No attorney, however, was appointed. After the filing of answers to appellants' petitions, the trial court on May 23, 1974, entered an order denying the petitions. Subsequently, the trial court appointed counsel to represent petitioners in the filing of an appeal to this Court from the denial of post-conviction relief.

Under the provisions of Rule 1503(a) of the Pennsylvania Rules of Criminal Procedure (adopted January 24, 1968, and effective August 1, 1968) which superseded Section 12 of the Act of 1966, 19 P.S. 1180–12, supra, the trial court may not summarily dismiss a petition filed by an indigent under the Act of 1966, without the appointment of counsel, if counsel is requested, unless the same issues have been previously adjudicated adversely to the

petitioner in a counseled proceeding or one wherein he has knowingly waived his right to the assistance of counsel. *See Commonwealth v. Blair,* 470 Pa. 598, 369 A.2d 1153 (1977), and *Commonwealth v. Adams,* 465 Pa. 389, 350 A.2d 820 (1976).

Hence, the order appealed from is vacated and the record is remanded for further proceedings consistent with this opinion.