384 A.2d 1314

**COMMONWEALTH of Pennsylvania**

v.

**Donald J. KING, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided April 13, 1978.

---

Barry H. Denker, Philadelphia, and David. E. Auerbach, Assistant Public Defender, Media, for appellant.

Thomas M. Regan and Joseph J. Dougherty, Assistant District Attorneys, and Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his Post Conviction Hearing Act [1] petition without a hearing. Because appellant did not receive the assistance of counsel in preparing his PCHA petition, we vacate the lower court's order and remand for proceedings consistent with this opinion.

On September 10, 1976, appellant filed a pro se petition for a writ of habeas corpus in the Delaware County Court of Common Pleas. In this petition, appellant alleged that his state convictions on charges of possessing and delivering a controlled substance [2] contravened his constitutional right not to be placed in double jeopardy because he had previously pleaded guilty to similar charges in a federal district court. According to appellant, both federal and state charges emanated from a joint federal-state investigation and derived from information supplied by the same informant. The charges alleged transactions which transpired within eight days of each other. Given the common factual matrix underlying the federal and state charges, appellant maintained that Pennsylvania's interest in prosecuting appellant for drug transactions had already been satisfied by the prior federal conviction. In this petition appellant also asked leave to proceed in forma pauperis. On November 8, 1976, the lower court appointed the Delaware County Public Defender's Office to represent appellant in connection with his habeas corpus petition. On November 19, 1976, the lower court ordered a hearing on appellant's petition, and on November 29, 1976, the court issued a writ of habeas corpus ad prosequendum directing that appellant be produced at a hearing on December 1, 1976. On December 1, 1976, the lower court entered the following order: "And Now, the first day of December, 1976, after presentation in open

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq. effective March 1, 1966; 19 P.S. §§ 1180-1 et seq.

2. See The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64 § 1, eff. June 14, 1972; 35 P.S. § 780-101.

Court, the Petitioner Donald J. King's petition for writ of habeas corpus filed September 10, 1976, be and the same is hereby denied." The record contains no transcription of the December 1, 1976 proceedings.

On January 12, 1977, appellant filed a pro se PCHA petition in the Delaware County Court of Common Pleas. Appellant reiterated his contention that he had been twice placed in jeopardy by successive federal and state convictions stemming from a joint federal-state investigation and based on leads supplied by the same informant. Appellant conceded that our Court and the Supreme Court had denied his direct appeals, but he claimed that he had not discovered the facts underlying his double jeopardy contention until after his appeals had been denied. Appellant also stated that his prior petition for a writ of habeas corpus had been denied on December 1, 1976, but he alleged that he had not received a hearing on this petition.[3] Finally, in his petition, appellant stated that he had not attached any affidavits or supporting evidence to his PCHA petition because: "I have given all relevant documents to this PCHA petition to my court appointed attorney Mr. Allen I. Rosenberg, . . . whom I've been unable to contact. And who has told me that he had filed the post-conviction petition on two (2) different times (Dec. 7 & Dec. 22, 1976). That he had not so filed." [4] Appellant's court-appointed attorney did not participate in any way in the proceedings on this PCHA petition. On January 18, 1977, the lower court entered the following order: "This petition is denied. The issues raised herein were raised in Petitioner's petition for writ of habeas corpus filed September 10, 1976, and heard and disposed of by order of the December 1, 1976. Hence, the issues presented have been litigated, and decided that double jeopardy did not attach to two separate offenses."

3. In its brief, the Commonwealth concedes that appellant did not receive a hearing on the merits of his habeas corpus petition on December 1, 1976.

4. The record does not indicate that any PCHA petitions were filed on December 7, or 22, 1976.

On January 31, 1977, appellant filed a pro se petition for reconsideration of his PCHA petition and a motion for the removal of the judge who had denied his habeas corpus and PCHA petitions. Appellant recounted the procedural history of his attempts to secure post-conviction relief on his double jeopardy claim. He alleged that on December 1, 1976, he received a very brief hearing on his habeas corpus petition. At that time, his court appointed Public Defender requested a continuance because he was not prepared to argue appellant's claim. The court denied this request and then dismissed appellant's habeas corpus petition because it was not the proper form of legal action. The court suggested that a PCHA petition would be the proper avenue for relief and stated that a Delaware County Public Defender would be assigned to help appellant prepare this petition. Pursuant to this directive, Public Defender Allen I. Rosenberg was appointed to handle appellant's case.[5] Appellant also alleged that the judge who had considered his petitions for post-conviction relief had demonstrated a deeply rooted prejudicial attitude and should therefore be replaced. On February 2, 1977, appellant filed an appeal from the lower court's order denying his PCHA petition. On February 11, 1977, the presiding Judge of the Delaware County Court of Common Pleas dismissed appellant's petition for reconsideration of his PCHA petition and for removal of the judge who had denied his previous petitions.

In *Commonwealth v. Blair*, 470 Pa. 598, 599, 369 A.2d 1153, 1154 (1977), our Supreme Court recently summarized the applicable law for determining when a court may dismiss a PCHA petition without affording an indigent prisoner the assistance of counsel:

---

5. The record contains a letter from the attorney, Clarence Bell, who represented appellant at the December 1, 1976 proceeding. This letter, written on December 2, 1976, to a Delaware County Public Defender, corroborated appellant's account of that proceeding. According to the letter, the lower court ordered Bell to proceed despite his lack of preparation. Also, the lower court ordered that a Public Defender represent appellant in further proceedings. Accordingly, the Public Defender's office selected Allen Rosenberg to represent appellant.

"The Post Conviction Hearing Act, [supra] requires the appointment of counsel for indigent petitioners except where the claim is patently frivolous and without trace of support in the record. See 19 P.S. § 1180–12 (Supp. 1976–77). Restated, under the Act, the right of the trial court to summarily dismiss an uncounselled petition is contingent upon the substantive claim raised therein. However, this section of the Post Conviction Hearing Act has been superseded by Pennsylvania Rule of Criminal Procedure 1503 (Adopted January 24, 1968. Effective August 1, 1968).

"Under the terms of Rule 1503(a) the Court is mandated to provide counsel, upon request, in Post Conviction proceedings once petitioner satisfies the Court of his financial inability to obtain counsel. The only exception to this mandatory requirement is set forth in rule 1504 which provides:

" 'Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.' " (footnote omitted). *See also Commonwealth v. Patterson*, 470 Pa. 618, 369 A.2d 1163 (1977); *Commonwealth v. Bradley*, 470 Pa. 602, 369 A.2d 1155 (1977).

In *Commonwealth v. Brochu*, 249 Pa.Super. 526, 529, 378 A.2d 420, 422 (1977), our Court elaborated upon the standards articulated in *Blair* and then stressed the necessity for insuring that an indigent PCHA petitioner receives the assistance of a trained lawyer:

"Moreover, prior case law mandates strict compliance with Rule 1503. *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976); *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460 (1969); *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975). Furthermore, in *Adams, supra,* in considering a similar claim, the Court stated: 'Pa.R.Crim.P. 1503(a), suspending in part and superseding Section 12 of the Post Conviction Hearing Act, places an affirmative duty on the

hearing court to appoint counsel for an indigent petitioner before disposition of his petition.' *Commonwealth v. Adams,* supra, 465 Pa. at 391, 350 A.2d at 821 (citations omitted); *Commonwealth v. Patterson,* 470 Pa. 618, 369 A.2d 1163 (1977); *Commonwealth v. Bradley,* 470 Pa. 602, 369 A.2d 1155 (1977). The Supreme Court has also noted that 'counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. . . . "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se.* . . . Exploration of the legal ground for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff." ' *Commonwealth v. Mitchell,* 427 Pa. 395, 235 A.2d 148, 149 (1967)."

Finally, and of crucial importance to the instant case, our Supreme Court has observed that the rule requiring legal representation for indigent PCHA petitioners ". . . is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Fiero,* 462 Pa. 409, 413, 341 A.2d 448, 450 (1975). *See also Commonwealth v. Scott,* 469 Pa. 381, 366 A.2d 225 (1976); *Commonwealth v. Singleton,* 248 Pa.Super. 46, 374 A.2d 1309 (1977); *Commonwealth v. Young,* 245 Pa.Super. 298, 369 A.2d 412 (1977). For example, in *Fiero,* the Supreme Court applied this principle to the following facts and concluded that the indigent petitioner had not received the mandated legal representation:

"A review of this record reveals that the first petition was filed pro se and that after counsel's appointment there was no attempt to file an amended petition. Further, the petition was dismissed without an evidentiary hearing and the record is barren of any indication of oral argument before

that decision was rendered or that counsel filed a brief to set forth the legal principles upon which his client relied. These facts compel the conclusion that the proceeding was in fact uncounseled. Under such circumstances the mandate of section 12 of the Post-Conviction Hearing Act as interpreted by this Court has not been met. See, *Commonwealth v. Mitchell, supra;* Pa.R.Crim.P. 1503, 1504.

"The events surrounding the filing of the second petition are similarly devoid of any evidence of meaningful participation by counsel. Here again the petition was pro se and a decision was rendered without a hearing, the submission of briefs, or oral argument. In neither instance did this appellant have the opportunity of legally trained counsel to advance his position in acceptable legal terms. Unquestionably, this is the type of situation that this Court addressed in *Commonwealth v. Mitchell, supra* and sought to avoid. The reasoning of that case which we now reaffirm, compels us to vacate the order of the hearing court and remand these causes to the court below for proceedings consistent herewith." supra 462 Pa. at 413, 341 A.2d at 450.

In the instant case, the lower court dismissed appellant's pro se PCHA petition without a hearing and without any indication of participation by appellant's appointed counsel. Rule 1504 would still authorize this summary disposition *if* appellant's double jeopardy claim had already been decided adversely to appellant *after* a counselled proceeding. *See Commonwealth v. Singleton, supra.* We will assume that the lower court denied appellant's double jeopardy contention on the merits on December 1, 1976.[6] However, the record is bereft of any sign that this denial followed a

6. The record's support for this assumption is tenuous at best. While the lower court's January 18, 1977 order intimated that it had addressed appellant's double jeopardy contention on its merits at the prior habeas corpus proceeding, we note appellant's representation that the lower court dismissed the first petition because it was not a proper PCHA petition. Further, both appellant and his first counsel at the December 1, 1976 proceeding maintain that the court ordered the Public Defender's office to represent appellant in future proceedings on his claim. Such a disposition is obstensibly inconsistent with a purported rejection of appellant's claim on its merits.

counselled proceeding. As far as we can determine, appellant's court-appointed Public Defender offered no meaningful assistance to appellant in connection with his first habeas corpus petition. Counsel did not substitute a proper PCHA petition for appellant's procedurally defective petition for a writ of habeas corpus,[7] nor did counsel attempt to clarify the facts and conclusions of law asserted in appellant's petition. Moreover, counsel failed to file a supporting brief or to make oral argument or present evidence to the lower court. Simply put, the record does not permit a finding that appellant's counsel discharged the responsibilities required by his representation of appellant in connection with appellant's habeas corpus petition. This first proceeding was therefore uncounselled within the meaning of Rule 1504 and *Commonwealth v. Fiero,* supra.

Because appellant did not receive the assistance of counsel during the proceedings on his habeas corpus petition, the lower court could not summarily dismiss appellant's subsequent PCHA petition without the appointment of counsel. See Rule 1504. According to *Fiero,* appointment of counsel entails more than nominal representation; this requirement envisions that counsel will in fact take action designed to help his indigent client effectively press his PCHA petition. In the instant case, counsel took no discernible action: he did not file an amended PCHA petition, certify that he was prepared to proceed on the basis of appellant's pro se petition, or file a supporting brief. Under these circumstances, we conclude that appellant's PCHA petition, as well as his prior habeas corpus petition, was, for all practical purposes, uncounselled. Appellant has yet to receive trained legal assistance in drafting a PCHA petition, exploring the facts and legal basis underlying his complaint, and forcefully presenting his point of view to the lower court. Accordingly, we vacate the order of the lower court and remand with instructions to afford appellant the opportunity to be repre-

7. The Post Conviction Hearing Act, supra; 19 P.S. § 1180–2, states that its post-conviction procedures supplant common law and statutory procedures, including a petition for a writ of habeas corpus, previously available before its passage.

sented by counsel in the filing of an amended PCHA petition and in any further proceedings thereon.

Order vacated and case remanded for proceedings consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.