J-S19010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YASSIN MOHAMAD | : | |
| | : | |
| Appellant | : | No. 1436 MDA 2023 |

Appeal from the PCRA Order Entered October 6, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000846-2020

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                        **FILED: JULY 16, 2024**

Appellant, Yassin Mohamad, appeals from the October 6, 2023 order entered in the Luzerne County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  Counsel for Appellant has filed a **Turner**/**Finley**[1] "no-merit" brief and a petition to withdraw as counsel.  After review, we grant counsel's request to withdraw and affirm the order denying Appellant's petition.

The relevant facts and procedural history are as follows.  On September 27, 2021, Appellant entered a counselled, open, no-contest plea to one count

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

of Aggravated Harassment by Prisoner[2] after the Commonwealth charged him with throwing a mixture of feces and urine at a corrections officer while Appellant was incarcerated at SCI Dallas. Max Lubin, Esquire, represented Appellant at the plea hearing. The court conducted an on-the-record guilty plea colloquy in which Appellant acknowledged, *inter alia*, that he reviewed the terms of his plea with Attorney Lubin, that he understood the statutory maximum penalty he faced if he proceeded to trial,[3] and that he was not forced or promised anything to enter into the plea. That same day, the court sentenced Appellant to a term of 27 to 54 months of incarceration, a sentence at the low end of the standard range. The court ordered the sentence to run concurrently with the sentence Appellant was already serving. There was no discussion at the hearing regarding the award of any credit for time served. Appellant did not file a post-sentence motion or direct appeal from his judgment of sentence.

On January 7, 2023, Appellant *pro se* filed a PCRA petition asserting that he was promised, but did not receive, credit for time served and that his plea counsel was ineffective. Appellant attached to his petition an October 14, 2021 letter from John Donovan, Jr., Esquire, of the Luzerne County Office of the Public Defender informing Appellant that Attorney Lubin no longer worked for the Public Defender's Office, but indicating that Attorney Donovan would

---

[2] 18 Pa.C.S. § 2703.1.

[3] The statutory maximum sentence for Aggravated Harassment by Prisoner, graded as a third-degree felony, is 84 months of incarceration.

investigate Appellant's claim that he should have been given credit for time served. Appellant also attached a January 10, 2022 letter from him to Attorney Donovan following up on his time-credit issue.

The PCRA court appointed Leonard M. Gryskewicz, Jr., Esquire, to represent Appellant. Attorney Gryskewicz filed a supplemental PCRA petition. With respect to the facial untimeliness of Appellant's petition, Appellant averred that Attorney Donovan abandoned him by failing to respond to Appellant's inquiries and that Appellant exercised due diligence by writing letters to Attorney Donovan asking for an update and then by filing the instant petition.[4]

With respect to Appellant's ineffective assistance of counsel claims, Appellant asserted that Attorney Lubin was ineffective for advising Appellant that the trial court would credit him with time-served from the date of his arrest, which advice was "central to [Appellant] accepting the plea agreement in this case." Amended PCRA Pet., 3/20/23, at 5. Appellant argued that this advice was incorrect because the court was required to credit any time Appellant served between the time of his arrest and the time of sentencing to the sentence Appellant was already serving at the time of his arrest. Appellant claimed that that this issue has arguable merit because Appellant would not have accepted the plea had Attorney Lubin not misinformed him regarding

---

[4] The Commonwealth disputed Appellant's characterization of Attorney Donovan's conduct as abandonment and argued that Appellant's petition was untimely.

time credit. He also claimed that Attorney Lubin lacked a reasonable strategy in advising Appellant that he would receive time credit and that Appellant suffered prejudice as a result of Attorney Lubin's ineffectiveness.

On October 6, 2023, the PCRA court held a hearing on Appellant's petition at which the Commonwealth presented the testimony of Attorney Lubin.[5] Attorney Lubin testified that he did not tell Appellant that "he would have credit for the time period he was arrested until he was sentenced." N.T. PCRA Hr'g, 10/6/23, at 17, 19-21. He testified that he did tell Appellant that he would receive a concurrent sentence, and that Appellant did, in fact, receive a concurrent sentence. *Id.*

Following the presentation of evidence, Appellant argued that his plea was involuntary because Attorney Lubin "misadvised [him] about what would happen to the time credit of his plea," which "was the reason he accepted the guilty plea." *Id.* at 27. The Commonwealth argued that Attorney Lubin's testimony that he did not tell Appellant that he would receive credit for time served from the date of Appellant's arrest speaks for itself. It also argued that, even if the court did not believe Attorney Lubin's testimony, Appellant was not prejudiced by his guilty plea because he could have received a consecutive sentence of up to 7 years if convicted at trial.

The PCRA court determined that Attorney Donovan had abandoned Appellant and deemed Appellant's PCRA petition timely but determined that

_____

[5] Attorney Donovan also testified for the Commonwealth and Appellant testified on his own behalf.

his claim that Attorney Lubin was ineffective lacked merit. Accordingly, the PCRA court denied Appellant's petition.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On October 12, 2023, Attorney Gryskewicz filed a motion to appoint substitute counsel. The PCRA court granted the motion and appointed current counsel, Matthew Kelly, Esquire, to represent Appellant.

In this Court, Attorney Kelly filed a *Turner/Finley* brief raising the following issue:

> Whether [Attorney Lubin] was ineffective in permitting Appellant
> to enter his guilty plea[?]

*Turner/Finley* Brief at 1.

## A.

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to *Turner/Finley*, "counsel must review the case zealously." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). Counsel is then required to submit a "no merit" brief (1) detailing the nature and extent of his review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Id.* The Court then conducts its own independent review of the record to determine if the petition is meritless. *Id.* "Counsel must also send to the petitioner: (1) a copy of the 'no merit' letter/brief; (2) a copy of

- 5 -

counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Id.**

Our review of the record discloses that Appellant's counsel has complied with each of the above requirements. Counsel has presented a comprehensive review of the issue Appellant seeks to raise on appeal and addressed the PCRA court's analysis where appropriate. **Turner**/**Finley** Brief at 3, 5-7. Based on this analysis, counsel concludes that Appellant's claim lacks merit. **Id.** at 8.

In addition, counsel sent Appellant copies of the **Turner**/**Finley** brief and his petition to withdraw and advised Appellant of his rights in lieu of representation. Letter from Counsel, 2/5/24; Application to Withdraw as Counsel, 2/6/24. Because counsel has complied with the **Turner**/**Finley** requirements, we will proceed with our analysis of Appellant's claim and independent review of the record.[6]

**B.**

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal

---

[6] Appellant has not responded to the **Turner**/**Finley** brief filed in this Court.

conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." ***Id.*** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) "there is a reasonable probability that the outcome of the challenged proceeding would have been different" absent counsel's error. ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. ***Id.***

When a defendant pleads guilty, it is well-settled that that decision results in the waiver of all defenses other than those challenging the jurisdiction of the court, the legality of the sentence, or the validity of the plea. ***Commonwealth v. Jones***, 929 A.2d 205, 212 (Pa. 2007). In attempting to

challenge a guilty plea, a defendant is "bound by the statements" he made under oath during the plea colloquy and "may not later assert grounds for withdrawing the plea which contradict [those] statements[.]" **Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

Under the PCRA, a petitioner may obtain relief by proving that his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent."  42 Pa.C.S. § 9543(a)(2)(iii).  When claiming ineffectiveness of counsel "in connection with the entry of a guilty plea[,]" a defendant has the burden of demonstrating that the alleged ineffectiveness "caused the defendant to enter an involuntary or unknowing plea."  **Pier**, 182 A.3d at 478 (citation omitted).

Appellant asserts that trial counsel was ineffective "in allowing him to enter his no contest plea without understanding all credit for time served would run from the date of arrest, rather than the date of sentence." **Turner**/**Finley** Brief at 5.

The Honorable David W. Lupas has authored a well-reasoned analysis addressing Appellant's ineffective assistance of counsel claim.  After a thorough, independent review of the certified record, Appellant's **Turner**/**Finley** brief,[7] the applicable law, and the PCRA court's opinion, we

---

[7] The Commonwealth did not file a brief as appellee.

conclude that there is no merit to Appellant's claim. Accordingly, we adopt that opinion in part as our own and affirm the court's denial of relief. See PCRA Ct. Op., 12/15/23, at 7-8 (concluding the written plea agreement and the record from the plea hearing indicate that no promise was made to Appellant regarding credit for time served); 8 (concluding that, because Appellant was already serving a state sentence when he was arrested for the instant offense, he was not entitled to credit for time served from the date of his arrest); 8-9 (concluding that Attorney Lubin's testimony that he did not advise Appellant he would receive credit for time served from the date of his arrest was credible).

## C.

Based on the foregoing, we affirm the PCRA court's denial of relief. The parties are instructed to annex the PCRA court's December 15, 2023 opinion to any future filings.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024

11TH JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LUZERNE COUNTY |
| | : | |
| v. | : | |
| | : | CRIMINAL DIVISION |
| | : | |
| YASSIN MOHAMAD | : | |
| Defendant / Appellant | : | |
| | : | No. 846 of 2020 |
| | : | |

## OPINION

LUPAS, J.

### I.    FACTS AND PROCEDURAL HISTORY:

This matter comes before the Court pursuant to the Defendant's Appeal of our denial of his Motion for Post-Conviction Collateral Relief, hereinafter PCRA.

Relevantly, Trooper Albert Oliveri of the Pennsylvania State Police filed a criminal complaint on November 30, 2020, which alleged, inter alia, that the Appellant was an inmate at the State Correctional Institute at Dallas, and that he sprayed a foul-smelling liquid, believed to be a mixture of feces and urine, from his cell into the face of a deputy corrections officer. (Criminal Complaint) On September 27, 2021, following the conduct of a hearing, we accepted the Appellant's no contest plea to count one (1), aggravated harassment by a prisoner, 18 Pa. C.S.A. § 2703.1. The written plea agreement, which the Appellant and his counsel signed in open court, represented "that the commonwealth does not object to a sentence that is at the minimum end of the standard range." (Written plea agreement) The Commonwealth further represented that there was "no objection to

[1]

the sentence in this case being served concurrently to all other sentences." (Written plea agreement) The Appellant waived a pre-sentence investigation and agreed to proceed to sentencing. Following the conduct of a hearing on September 27, 2021, which included a bizarre[1] allocution from the Appellant, we honored the plea agreement and sentenced him to a concurrent sentence within the standard range of the sentencing guidelines. No direct appeal was filed.

On January 27, 2023, the Luzerne County Clerk of Court timestamped and docketed a pro se post-conviction relief act petition filed by the Appellant. On February 6, 2023, we entered an Order which, inter alia, appointed counsel to represent the Appellant. Court appointed PCRA counsel filed a helpful supplementary PCRA petition which refined and amplified the Appellant's arguments on March 20, 2023, and the Commonwealth filed a response thereto. On October 6, 2023, we presided over a hearing on the Appellant's petition.

At the that hearing, as a threshold issue, we made the finding that the Appellant's Motion for Post-Conviction Collateral Relief was timely. At the conclusion of the evidentiary portion of the hearing, we determined that the Appellant's Petition was meritless and we dismissed it on the record. (Order 10/6/2023). The Appellant subsequently filed a counseled and timely Notice of Appeal. Thereafter, we granted his counsel's motion for substitute appellate counsel and directed that appellate counsel file

---

[1] The Appellant was given an opportunity to address the court prior to the imposition of sentence. He used the time to offer his thanks for having the opportunity to come to court to see females; note that his presence in the courtroom was a waste of his time and also to hint that he would cause a problem at the Luzerne County Jail if he were not soon transported back to the State Correctional Facility that he calls home. (N.T. 9/27/2021 pgs. 6-7).

[2]

a Concise Statement of Matters Complained of on Appeal. Appellant's counseled Statement was filed on November 3, 2023.

For the reasons set forth below, we believe trial counsel was effective, and the Defendant's Motion for Post-Conviction Collateral Relief and the instant appeal are without merit.

## II.    LAW AND DISCUSSION:

The Appellant's first issue asks whether his PCRA Petition is timely. Generally, post-conviction relief act petition must be filed within one year after judgment of sentence becomes final. 42 Pa. C.S.A.§ 9541(b)(1). The statutory time limit of the post-conviction relief act is jurisdictional. Commonwealth v. Fahy, 737 A.2d 214, (Pa. 1999) see also, Commonwealth v. Gamboa-Taylor, 753 A.2d 780 (Pa 2000). The Appellant was sentenced on September 27, 2021, and accordingly his judgment of sentence became final on October 27, 2022. See 42 Pa. C.S.A. § 9545(b)(3). The Appellant's pro se PCRA petition was time stamped January 27, 2023. Thus, his petition is facially untimely. However, because the Appellant was incarcerated and acting pro se, the prison mailbox rule, which deems the document filed when the inmate places the item in the prison mailbox, would be applicable to him. Commonwealth v. Jones, 700 A.2d 423 (Pa. 1997). The Appellant mailed his pro se PCRA Petition on December 6, 2022. This date too renders the Appellant's pro se Petition facially untimely leaving us to consider the statutory exceptions which would grant a trial court jurisdiction to hear a facially untimely PCRA. See 42 Pa. C.S.A.§ 9545(b).

A trial court may have jurisdiction to consider a facially untimely PCRA petition in cases where the petitioner pleads and proves one of the enumerated exceptions set forth in 42 Pa. C.S.A.§ 9545(b). Pursuant to Section 9545(b)(ii), a reviewing court may have jurisdiction to consider a facially untimely PCRA petition if the petitioner pleads and proves that facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. 42 Pa. C.S.A. § 9545(b)(ii). Such claims have to be made within one year of the date that the claim could have been presented. 42 Pa. C.S.A. § 9545(b)(2).

At the PCRA hearing on October 6, 2023, Appellant, through his counsel, entered two (2) exhibits which we admitted and made part of the record. The first document, Petitioner's #1, is a letter from the Luzerne County Public Defender dated October 14, 2021, which appears to be a response to a letter from the Appellant inquiring about credit for time served. (Petitioner's #1 10/6/2023.) The October 14, 2021, letter is not from the Appellant's public defender at the time of his plea but from another attorney with that office who advised that he was assigned the case because plea counsel was no longer with the office. The newly assigned public defender represented that he would investigate the issue and obtain a transcript of the plea and sentence. (Id.)

A second letter, admitted into evidence at the PCRA hearing as Petitioner's #2, is a letter from the Appellant to the public defender dated January 10, 2022. This letter references the letter he received from the public defender[2], and indicates that the Appellant did not receive any response from the public defender's office after sending his letter dated January 10, 2022. (Petitioner's #2 10/6/2023).

---

[2] Admitted at the PCRA hearing as Petitioner's #1.

[4]

The Appellant remained incarcerated the entire time from the date of his sentence up to and including the date of the PCRA hearing. The letters that he and the attorney at the Luzerne County Public Defenders exchanged indicate that he was seeking to raise a time credit issue since, at least, October of 2021. Thus, it was apparent to us that the Appellant was taking steps to communicate with his counsel and advance his claims and that counsel was not responding to him. The Appellant had no way of knowing that his public defender was not investigating his claim. Indeed, the letter from the public defender represented that his counsel was taking action. This type of abandonment has been deemed to satisfy the Section 9545(b)(ii) exception to the PCRA Act's jurisdictional time limits. Commonwealth v. Bennett, 930 A.2d 1264, (Pa. 2007). Accordingly, we determined that we had jurisdiction to consider his claim which argued that his plea was not knowingly, voluntarily, or intelligently entered. After having considered the evidence and arguments presented at the PCRA hearing and a review of the record, we determined that the Appellant's challenge to his plea was wholly without merit.

In his second allegation of error, the Appellant challenges this determination asking "whether trial counsel was ineffective in advising the defendant that he would receive credit for time served on the date of sentencing." We denied this claim for the reasons set forth below.

The ineffectiveness standard, known as the Strickland/Pierce test, requires that a defendant plead and prove both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984) and Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987). It is well settled in the Commonwealth of Pennsylvania, that a petitioner's claim of ineffective assistance

[5]

of counsel be analyzed by the court using a three-prong test. Specifically, a petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by trial counsel did not have a reasonable basis designed to effectuate the client's interests; and (3) but for counsel's error or ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. Pierce, supra.; Commonwealth v. Yager, 454 Pa. Super. 428 (1996); Commonwealth v. Hutchinson, 521 Pa. 482, 556 A.2d 370 (1989); Commonwealth v. McNeil, 506 Pa. 607, 487 A.2d. 802 (1985). Moreover, it is the petitioner's obligation to plead and prove each of the Strickland/Pierce prongs.

"To establish prejudice in the context of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa. Super 2013). At the PCRA hearing on October 6, 2023, the Appellant did testify that he believed that he was innocent and would have gone to trial but that he plead no contest because he wanted to get it over with. He testified that plea counsel promised him time credit from the time of his arrest up to the time of his plea and sentence on September 27, 2021.

To assess this claim we compared his PCRA hearing testimony to the record and his responses to questions at the time of his plea and sentence. We note that it has been long held that a criminal defendant who elects to plead has a duty to answer truthfully. Commonwealth v. Cappelli, 489 A.2d 813, 819 (Pa. Super. 1895) Moreover, an enduring line of appellate cases in the Commonwealth of Pennsylvania rejects the necessity for a hearing for petitions which allege that counsel made promises which are at variance with

[6]

his unequivocal responses at the time of his plea. <u>Commonwealth v. Welch</u>, 229 A.2d 737 (1967). Accord, <u>Commonwealth v. Klinger</u>, 470 A.2d 540 (Pa. Super 1983); <u>Commonwealth v. Vesay</u>, 464 A.2d 1363 (Pa. Super 1983). <u>Commonwealth v. Young</u>, 369 A.2d 412 (Pa. Super. 1976).

When the Appellant appeared before the court in this case offering to plead no contest, he signed a written plea agreement which was made a part of the record. This document represented "that the commonwealth does not object to a sentence that is at the minimum end of the standard range;" and that there was "no objection to the sentence in this case being served concurrently to all other sentences." (Written plea agreement) The prosecutor summarized this agreement orally on the record, (N.T. 9/27/2021 pg. 2). The written plea agreement also noted the stipulation of the parties that the Appellant was an RFEL offender pursuant to the sentencing guidelines. (Written plea agreement) We accepted the written plea colloquy signed by the Appellant and offered by the parties before engaging in a colloquy of the Appellant on the record.

During that colloquy we asked the Appellant whether he reviewed the plea agreement with his attorney and he responded, reluctantly, that he had. (N.T. 9/27/21 pg. 3). He testified that he understood the elements of the offenses he was pleading no contest to and that he understood that he was waiving his right to a trial. (Id. at p. 4). We asked him directly "is anyone forcing, threating you or promising you anything to enter this plea?" and the Appellant responded, "No. I want to go back up state. I want to make this clear. I want to go back up state. They got me down in this county. I don't know if this is the way—I just want to go. That's all I want." (Id.) These responses belie the claims made in the Appellant's PCRA and testimony which represent that he was promised credit

[7]

from the time of his arrest up to the time of his plea and sentence. The written plea agreement and record from the date of the plea indicate that no such promise was made.

The law is clear that Section 9760 requires the sentencing court to give credit for all time spent in custody as a result of the criminal charge for which a sentence of prison is imposed. 42 Pa. C.S.A.§ 9760. Section 9760 does not provide credit for time served on unrelated offenses or when credit has already been credited against another sentence. Barndt v. Pennsylvania Dept. of Corrections, 902 A.2d 589 (Pa. Cmwlth. 2006), citing Taglienti v. Dept., of Corrections, 806 A.2d 988 (Pa. Cmwlth. 2002). The Appellant was serving a state sentence imposed from another unrelated case at the time of his arrest up to and including the date of his plea and sentence. For that reason, we did not note any credit for time served when imposing Appellant's sentence.

At the PCRA hearing, plea counsel testified that he reviewed the plea agreement with the Appellant and that he did not advise the Appellant that he would receive double credit. We credited his testimony, finding that it was consistent with the record. The Appellant sought immediate sentencing and waived a pre-sentence investigation. Thus, we are not privy to his entire criminal history, but given that he was serving a state sentence at the time of this offense and the parties stipulated that he was an RFEL pursuant to the sentencing guidelines, it was apparent to us that this was not his first contact with the court or criminal justice system. We note this because we find it telling that at critical times during his plea colloquy, he presented a cavalier attitude and seemed to what to rush through the colloquy. He offered answers which were not responsive to our questions. For example, when we asked is he reviewed the plea agreement with his counsel he stated, "I'll leave it up to him." (N.T. 9/27/2021 pg. 3). We had to press him,

[8]

asking a second time whether he reviewed the agreement prior to offering his plea before he agreed that he had. (Id.). When we asked if he was forced to plead or promised anything he said, "No" before adding that all he wants is to go upstate. When we asked if it was his decision to enter the plea, he said, "I'm dying in prison man. I just want to go[3]." (Id. pg. 4-5). We discern this haste and evasiveness as an effort to vitiate his plea at the time it was being offered in the hope that he could later seek to withdraw it if it suited him.

For the reasons outlined above, the Defendant's PCRA claims and allegations of error are without merit. Accordingly, our denial of the Defendant's claims for Post-Conviction Collateral Relief should be affirmed.

**END OF OPINION**

---

[3] The transcript erroneously attributed this comment to Appellant's attorney, Mr. Max Lubin, Esq.

[9]